## WRIGHT v. HENDERSON.

Repeated decisions of this Court have held that a mortgage is but a security, and that the title remains in the mortgagor, subject to be divested by foreclosure of the mortgage. In this respect, the deed of trust in this case does not differ from a mortgage. The possession and the ultimate right of property remained with the grantor in the deed of trust, and before the trust was executed the property was liable to execution as his property subject to the lien created by the deed of trust.

Where the claimant, in a trial of the right of property, was met by the plaintiff in execution, with an immaterial issue, and the averments of the claimant did not entitle him to judgment, and a jury was waived and the cause submitted to the Court, and judgment rendered for plaintiff in execution, it was held that there was no error.

On a trial of the right of property, where there was no averment, or offer to prove, on behalf of the claimant, that the property was of less or different value from that assessed by the officer in taking the bond, and the Court awarded the ten per cent. damages, on the failure of the claimant to establish his claim, on the amount so assessed by the officer, it was held there was no error.

It seems that in a trial of the right of property in slaves, it is not necessary that the judgment should ascertain their separate value.

Appeal from Red River. This was a proceeding, under the statute, for the trial of the right of property levied on as the property of Carter & Dinwiddie, by virtue of an execution against them in· favor of the appellee. The plaintiff in error claimed the property as the trustee appointed in a deed of trust, made by Carter & Dinwiddie, to secure the payment of a debt due from them to one Berthlett. The claimant alleged that the property was not subject to the plaintiff's execution, because of the lien upon it created by the deed of trust in favor of Berthlett. The plaintiff in execution replied that there was property included in the deed of trust, more than sufficient to satisfy the trust; and that the property was subject to his execution. The Sheriff assessed the separate value of the negroes levied on, and their aggregate value at two thousand dollars; and, on the execution of the bond for the trial of the

right of property, delivered them to the claimant. The execution exceeded in amount the assessed value of the property. By consent of parties, the case was submitted to the Court, upon the evidence. The Court adjudged the property liable to be sold on the plaintiff's execution, subject to the lien created by the deed of trust; and awarded ten per cent damages against the claimant on the value of the property as assessed by the Sheriff. The claimant appealed.

*Murray, Morrill & Dickson*, for appellant.

*Mills* and *Morgan* for appellee.

WHEELER, J. The principal question presented by the record is, whether the property was exempt from execution against the grantor in the deed of trust, by reason of the trust thereby created. And we are of opinion that it was not. It has been repeatedly decided by this Court that a mortgage is but a security; and that the title remains in the mortgagor, subject to be divested by foreclosure of the mortgage. In this respect, the deed of trust in this case does not differ from a mortgage. The possession, and the ultimate right of property, remained with the grantor in the deed of trust, whose title could be completely and finally divested only by the execution of the trust. Until the happening of that event, the fee, or ultimate proprietorship, remained in the party creating the trust, and, consequently, was liable to seizure and sale on execution as his property, subject to the lien created by the deed of trust. The Court therefore did not err in adjudging the property subject to the plaintiff's execution.

It is objected to the judgment that this was not the issue presented by the pleadings. It, however, was the issue tendered by the claimant; and the fact that an immaterial issue may have been proposed by the plaintiff in execution, cannot affect the validity of the judgment, since it is evident that the

Court adjudicated upon the issue presented by the averments of the claimant. He was the actor. The utmost that he could ask was that, in consequence of the mispleading of the plaintiff in execution, his averments should be taken as true, because not directly traversed. And taking the facts averred by him to be true, he was not entitled to judgment; nor was the Court warranted upon his averments to render any other or different judgment from that which was rendered in the case. It is manifest, therefore, that he cannot have sustained any injury in consequence of the insufficient pleading of the plaintiff; and consequently that he cannot have a reversal of the judgment on that ground.

It is further objected that the Court gave judgment upon the value of the property as assessed by the Sheriff, without other evidence of its value. There was no averment, or offer on behalf of the claimant to prove that the property was of a less or different value from that assessed by the officer. No question was made, at the trial, as to the value of the property. It may be conceded that the primary object of the statute, in requiring the Sheriff to assess the value of the property, was to regulate the amount of the bond required of the claimant. Yet where the correctness of his assessment was not questioned, and no other evidence of value was offered, the Court, we think, was warranted in regarding the value thus assessed as the real value ; and might properly adopt it as the rule in estimating the damages, which, by the statute, it was the duty of the Court to award against the claimant. (Dig. Art. 2818.)

Finally it is insisted that the judgment is erroneous, because it does not ascertain the separate value of the negroes adjudged subject to the plaintiff's execution. To this the answer is that the judgment is not, and, under the statute, could not legally be rendered for the plaintiff for the recovery of the property specifically, or its value. Such a judgment in this case would be nugatory, for the reason that it could not be enforced by execution. Execution does not issue on the judgment against the claimant, for the property. But the statute

provides that, if the claimant shall fail to return the property to the officer in as good condition as when he received it, within ten days after the rendition of judgment, the officer shall certify such failure to the Court, whereupon the clerk shall endorse thereon that it has been forfeited; when the bond shall have the force and effect of a judgment against all the obligors for the value of the property, with interest, &c., upon which execution shall issue. (Dig. Art. 2820.) The execution therefore issues for the value of the property, not for the property specifically. And the reasons which, in ordinary actions for the recovery of specific articles of property, requires that their several value be ascertained by the judgment, has no application in the present case.

It undoubtedly is true, as insisted for the appellant, that the estimate of the value of the property, by the officer, is not conclusive upon the parties, except as fixing the amount of the bond. But where it has been thus acquiesced in by both parties, it may be regarded as established by their tacit admission to be the true value; and without any departure from principle, or disregard of the rights of the parties, may be adopted and acted upon as such for all the purposes of the suit, and the execution of the judgment.

We are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.