Sarah M. Ratcliff v. H. C. Hicks, Administrator, et al.

On a trial of the right of property, where there is no issue as to its value, nor offer
by the claimant, to show, that the valuation thereof, by the sheriff who made
the levy, is incorrect, if the verdict find the property to be liable to the exe-
cution, the court render judgment against the claimant and the obligors in
her bond, for ten per cent. damages on the amount claimed in the writ, (the
debt being for an amount less than the value of the slave levied on, as esti-
mated by the sheriff,) it is no valid objection to the judgment, that the ver-
dict of the jury did not find the value of the slave.

In such case, it is not error in the court to adopt the valuation of the sheriff,
though it would be better in all cases, to require the jury to find the value
of the property, so that the court may be able to make such a decree as will
ensure regularity in any proceedings that may become necessary after judg-
ment.

The facts alleged in this case in the motion for a new trial, did not show suf-
ficient merits, to authorize the granting of a new trial.

Appeal from Tyler.    Tried below before the Hon. James M.
Maxcey.    The main facts of the case are stated in the opinion.

The defendant filed a motion for a new trial, the grounds of
which were, in substance, that she had been informed by her
husband, (who was defendant in the execution which was levied
on the property claimed by her,) and believed, that Seymour
White, Esq., a practising attorney of Tyler county, and who
was in attendance on the court during its then present session,
had been employed by her said husband to represent her, as her
attorney, on the trial of the cause.    That she believed he would
have represented her, otherwise she would have employed other
counsel; and that, when the cause came on for trial, White de-
clined to take any part therein as her attorney.    That she had
no other attorney then in attendance upon the court, by reason
whereof, judgment was rendered against her; and when the
judgment was rendered, persons were in attendance upon the
court, by whom she could have proven, that the negro girl in
controversy, was her separate property, and not liable to sale
under said execution, and had been in her possession, and

claimed and held as her separate property, from the year 1851 up to the present time. That she resided more than fourteen miles from Woodville, (the county seat,) and was at home until the 13th day of May, believing that she would be represented by White. That the said slave was her separate property, and she would, on another trial, be able to prove it.

This motion was sworn to by her, and filed on the 13th day of May, 1858. The oath and bond of the defendant was filed on the 9th day of April, 1857; and the levy of the execution on the property claimed, was made on the 30th day of March, 1857. The motion for a new trial was overruled.

*T. J. Word*, for the appellant.

*Pickett & Rock*, for the appellees.

BELL, J.—In this case, the appellees recovered a judgment in the court below against one Rufus R. Ratcliff. Execution issued on said judgment, and was levied on a negro girl slave. This slave was claimed by Mrs. Ratcliff, the appellant, and bond was given by her, for the trial of the right of property. At the first term of the court, after the cause was docketed, the claimant of the property failed to appear, and there was judgment by default for the plaintiffs in the writ. This judgment by default was set aside upon motion, and the cause was continued until the next term. At the next term, the claimant of the property again failed to appear, and there was another judgment by default rendered in favor of the plaintiffs in the writ. A writ of inquiry was awarded. A jury was called, and the court submitted to the jury the issue, whether or not the slave was subject to the execution of the plaintiffs in the writ. The jury returned a verdict that the slave was liable to the execution. The court made a decree, that the property was liable to the execution, and rendered judgment against the claimant and the obligors in her bond, for ten per cent. damages on the amount claimed in the writ, that amount being less than the estimated value of the slave, upon whom the execution had been levied.

Ratcliff v. Hicks.

It is objected, that there was error in these proceedings, because the verdict of the jury did not find the value of the slave, on which the execution had been levied ; and that, therefore, no proper *data* was furnished, to enable the clerk to issue execution, upon the failure of the claimant of the property to return the property to the sheriff, within ten days after judgment, as provided in Art. 2820 of Hart. Dig. It is to be remarked, in answer to this objection, that no issue as to the value of the property was presented to the jury, nor did the claimant of the property make any offer to show that the valuation of the property by the sheriff, was incorrect. In such case, it is not error in the court to adopt the valuation of the sheriff, though would be better, in all cases, to require the jury to find the value of the property, so that the court will be able to make such a decree as will ensure regularity in any proceedings that may become necessary after judgment. · (Wright v. Henderson, 12 Texas Rep. 43.) In this case, there was no decree prescribing the manner in which execution should issue, and the amount for which it should issue, in the event of a failure to return the property to the sheriff. We will not undertake, therefore, to correct the decree of the court, because it is not shown that the bond of the claimant of the property has been forfeited, or that any injustice had resulted to any party.

The proceedings upon the trial were not so precisely formal as they should have been ; but because it does not appear that any injury has resulted to any party concerned, the judgment of the court below is affirmed.

We have made no comments upon the refusal of the district judge to grant a new trial upon the application of the claimant of the property, because the application did not show sufficient merits to authorize the granting of a new trial.

Judgment affirmed.