## B. WALKER v. L. A. JOHNSON.

1. Judgment in favor of one S. was rendered against W. and wife, in 1866, for purchase-money of land, and enforcing the vendor's lien by an order for the sale of the land. Previous to the rendition of the judgment, the land had been sold to one J. by W. and wife, with warranty against incumbrances. J. subsequently died, and his widow bought and took an assignment of the judgment from S., and sued W. and wife for its amount and interest. *Held*, that the plaintiff's rights, as assignee of the judgment, were not restricted to an enforcement of it by a sale of the land under the order of sale ; but she had the right to sue upon it as a debt.

2. Plaintiff, having attached a stock of cattle as the property of the defendants, the cattle were claimed by an intervenor by virtue of his purchase of them at a sale made under a deed of trust executed by the defendants. The deed of trust was executed and delivered to the beneficiary before the levy of the attachment, but was never delivered to the original trustee, and he, when informed of it, refused to accept the trust. Some months afterwards, and subsequent to the levy of plaintiff's attachment, the defendants by deed appointed a different trustee, and by him the cattle were sold to the intervenor. On the trial below the intervenor offered the deed of trust in evidence, but it was excluded on the plaintiff's objection that it had never been delivered to the original trustee. *Held*, that a delivery of the deed to the original trustee was not essential to its validity, nor could his renunciation of the trust invalidate the deed as a security.

3. When a defendant to an action was making no defense, and his interest in the suit was equally balanced between the plaintiff and an intervenor, he was a competent witness for the latter, even before the passage of the act of May 19th, 1871, prohibiting the exclusion of a witness because a party to or interested in the issue tried.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The judgment in favor of Stone against J. H. Walker and wife was in the ordinary form, first running as a judgment *in personam*, and then decreeing a sale of the land ; but according a general execution for any deficit which might remain after the sale of the land.

J. H. Walker's testimony was offered by the appellant to

prove that the deed of trust was delivered, when made, to the appellant, who was one of the beneficiaries; and also to prove the *bona fides* of the deed.

The other material facts are stated in the opinion and the head-notes.

*W. M. Walton*, and *Sheeks & Sneed*, for the appellant, argued that the appellee, as assignee of Stone's judgment, which was still in full force, could not look to other property of J. H. Walker and wife, for satisfaction, until she should first exhaust the security afforded by that judgment, by means of a sale of the land.

*Hancock & West*, for the appellee, in support of appellee's right to sue upon the judgment assigned to her, cited Headley *v.* Robey, 6 Ohio, 521; Shelburn *v.* Eldridge, 10 Vermont, 123; and Greathouse *v.* Smith, 3 Scammon, 542.

To show the invalidity, of the deed of trust, because of its non-delivery to Johnson, the original trustee, and of his refusal of the trust, they cited Lawrence *v.* Davis, 3 McLean, 177; Beard *v.* Smith, 4 Dallas, 76; and McKinney *v.* Rhoads, 5 Watts, 345.

WALKER, J.   This was an action commenced by attachment. The plaintiff founded her demand on a breach of the covenant of warranty in a deed from John H. Walker and wife to Benjamin F. Johnson, her husband.

It appears that Walker and wife sold the land with an incumbrance on it, with a covenant against incumbrances.

One Stone held a lien upon the land for near three thousand dollars, which he reduced to judgment. This judgment Mrs. Johnson paid off, and took an assignment of the judgment to herself. She was then a *feme sole*, and as such, being the assignee of the judgment, had a right to sue upon it.

This disposes of the first question presented on this record; but there are other and much more difficult questions pre-

sented, affecting the property on which the attachment was levied.

Ben. Walker intervened in the action, claiming the property under a deed of trust made for his benefit to R. M. Johnson, and a sale afterwards made by John E. Campbell, who, upon Johnson's declining to execute the trust, had been appointed a trustee on the 19th day of December, 1867, and had sold the property to Ben. Walker on the 29th of February, 1868.

Both the appointment of Campbell and the sale of the property were subsequent to the levy of the attachment. On the trial, the court refused to admit the trust deed to R. M. Johnson in evidence, and also refused to admit John H. Walker as a witness for the intervenor. We think there was error in both these rulings.

R. M. Johnson refused to accept the trusts, and the deed was never delivered to him, but it does appear to have been delivered to Ben. Walker, the beneficiary.

Our Supreme Court, in Wright v. Henderson, say: "Re-" peated decisions of this court have held that a mortgage is " but a security, and that the title remains in the mortgagor, " subject to be divested by foreclosure of the mortgage. In " this respect, the deed of trust in this case does not differ " from a mortgage. The possession and the ultimate right of " property remained with the grantor in the deed of trust; and " before the trust was executed, the property was liable to exe-" cution as his property, subject to the lien created by the deed " of trust." (12 Texas, 43.) If, then, the title remains in the mortgagor, and the deed of trust does not differ in this respect from the mortgage, our conclusion is, that the deed of trust is no more nor less than the declaration of an express trust, and the failure of the trustee to accept the trust could not defeat it, nor cause it to lapse. A court of equity would, upon the application of the beneficiary or the founder of the trust, appoint a trustee to execute it.

Where, then, is the necessity of a delivery of the deed to

the trustee ?   We see none whatever, if the transaction be free from fraud and otherwise regular.

The deed of trust in this case to Johnson was the foundation of the intervenor's right to the property ; it was material, and we believe, competent evidence.

Again, we believe it was error to exclude the evidence of John H. Walker. Though he was a party to the record, he was really making no defense to the action ; his demurrer seems to have been abandoned, and his interest in the suit was equally balanced between the plaintiff and the intervenor. For the errors pointed out, the judgment of the District Court must be reversed, and the cause remanded.

Reversed and remanded.