### J. C. CHRISMAN ET AL. V. E. H. GRAYHAM ET AL.

1. TRIAL OF RIGHT OF PROPERTY—JURISDICTION.—Property levied on under an execution from the District Court was claimed by a third party, under the statute, by affidavit and claim bond. The officer making the levy appraised the property at four hundred dollars: *Held*, That the District Court did not have jurisdiction to try the issue raised by the claim.

2. CLAIM BOND MAY BE SET ASIDE.—Sureties may, within one year from the date a claim bond has been declared forfeited, institute proceedings to set it aside, so as to prevent it from having the effect of a judgment. (Paschal's Dig., 4625.)

3. SAME—PRACTICE.—The District Court having assumed jurisdiction to try title to property claimed under the statute and appraised at $400, the sureties would have the right to relief by injunction suit or motion, so as to prevent the abuse of the process of the court without jurisdiction.

ERROR from Coryell. Tried below before the Hon. J. R. Fleming.

The facts are fully stated in the opinion.

*J. C. Stone*, for plaintiffs in error.

*Thomas Rock*, for defendants in error, suggested delay.

ROBERTS, CHIEF JUSTICE.—The matters presented in the record are as follows, to wit: E. H. Grayham recovered a judgment in the District Court of Coryell county, in 1875, against

S. B. Raby, for over $3,000, upon which an execution was issued on the 26th day of June, 1877, by the clerk, (M. R. Hood,) and on the same day a constable (F. W. Lutterloh) levied upon the half interest of a growing crop of cotton on twenty acres of land situated on Raby's homestead, and rented to a tenant for half the crop, and upon a fourth interest of ten acres of cotton rented to another tenant as the property of said Raby, valued by said constable at the sum of $400. Said property was advertised for sale, but before it was sold —to wit, on the 11th of July, 1877—J. C. Chrisman claimed the property, as afterwards is made to appear, on the ground that before said levy he had brought Raby's interest in said crops, having given him his note for $500 for said crops and for 300 bushels of wheat; and on the day last mentioned— 11th of July, 1877—said Chrisman made affidavit of claim and gave claim bond, with sureties (Cumby and Ellis) in the sum of $800, to try the right to said property so levied on. Trial was had in the District Court of Coryell county on the 10th of September, 1877, in which it was adjudged that the property was liable to be sold under the execution, and that Grayham should recover of Chrisman and sureties (Cumby and Ellis) $40, being ten per cent. upon the value of the property as assessed and returned on the execution by the constable, Lutterloh. At the same term, upon a motion for new trial, made by Chrisman, it was adjudged that a new trial would be granted unless Grayham would file in court a remittitur of the $40. E. M. York, attorney for Grayham, on oath stated that he handed the written remittitur to the clerk during said term, and the clerk (M. R. Hood) on oath stated that "perhaps he did and perhaps he did not; he has never been able to find it." Before the expiration of ten days from the rendition of said judgment, Chrisman tendered back the cotton levied on to Lutterloh, the constable; took back his note from Raby, and gave him back the cotton and wheat that he had bought from him. The constable (Lutterloh)—probably under the advice of E. M. York, attorney

for Grayham, who wrote all the levies, forfeitures, and returns for the constable—refused to take back the cotton so tendered, because, as he said on oath, he did not think the property was in as good condition as when the claim bond was executed, because the worms had destroyed the same.    Chrisman and Raby stated that the cotton was worth more when tendered than when levied on, and Chrisman said it was not worth more than $135.    One of the renters thought it was worth less when tendered back than when levied on.  Another witness stated that a similar crop of twenty acres had been sold under execution about the same time, and bid off for fifty cents.    On the 3d of October, 1877, the constable (Lutterloh) made a return upon the bond of the failure to return the property within ten days, and on the same day the clerk (M. R. Hood) made an entry declaring the forfeiture of said bond.    On the 9th of October, 1877, before any execution had issued on this forfeited claim bond, and before an alias execution was issued in favor of Grayham against Raby on his original judgment, under which the execution had been issued and levied on the cotton, so far as the record shows, the plaintiffs (Chrisman and his sureties on the claim bond, Cumby and Ellis) filed this suit in the District Court of Coryell county against Grayham, the original plaintiff in the execution and in the claim bond suit, and Hood, the clerk, and Lutterloh, the constable, to enjoin them and all other persons from issuing, or having issued, and from executing any process for the execution of the judgment upon the claim suit, and the judgment upon the forfeited bond; and praying for the setting aside of said judgment and bond as illegal and void, and setting forth as the main grounds for such relief the failure to file the remittitur, the tender back of the property, the excessive valuation of it by the constable, and that the property was not liable to the execution.    The injunction being granted, the plaintiffs gave bond, with Y. S. Jenkins and W. W. Jones as sureties, and the clerk issued a writ to the sheriff or any constable commanding him to re-

strain the clerk, constable, and Grayham, and all persons act-
ing under them, from attempting to enforce said judgments,
or either of them, until further order. At the March term
of said court the defendants filed exceptions, and answer on
the facts under oath, and a motion to dissolve the injunction;
and at the same term, the case being submitted to the court,
a judgment was rendered dissolving the injunction and sus-
taining the exceptions to the petition, except as to one fact,
which was the correctness of the constable's return that the
property levied on had not been returned according to law;
and upon the facts and evidence heretofore recited, the court
adjudged that the judgment heretofore rendered against
Chrisman, Cumby, and Ellis be set aside, and all proceed-
ings thereunder enjoined, and that Grayham (one of the
plaintiffs) have and recover of Chrisman, Cumby, and Ellis
$135, and that he (Grayham) pay all of the costs.

The petition for writ of error was filed, service of process
waived, and bond filed on the 8th of March, 1878. Errors
were assigned on the 9th of March, 1878. The transcript
was applied for by plaintiff's attorney on the 8th; delivered
on the 23d of April, 1878. The transcript of the record was
filed in this court on the 27th of April, 1878. Briefs not
made out under the new rules by attorneys of plaintiff in
error were filed in this court on the 2d of May, 1878, there
being an agreement of counsel filed, that counsel for either
side might file briefs at any time before the call of the case.

The petition for writ of error having been filed since the
1st of March, 1878, the case is brought into this court under
the rules of court adopted on the 1st of December, 1877.
The plaintiff in error not having prepared a brief in accord-
ance with said rules, the defendant has submitted the record
upon a suggestion of delay, with a statement of the case,
under rule 44 of this court.

The question to be considered is,—Had the District Court
jurisdiction of this suit, as it was brought and determined?
It was brought for the retrial and the setting aside the judg-

ment of the District Court, rendered upon the trial of the right of property to the cotton levied on, adjudging the cotton to be liable to be sold under the execution, and to vacate and annul the legal effect of the declared forfeiture of the claim bond, for the failure to return the cotton to the constable, as declared by his return. There is no equitable ground set up in the petition, such as fraud, mistake, accident, or trust, for opening up and setting aside the judgment rendered in the suit for the trial of the right of property; and it may be presumed—from the action of the court in sustaining in part the exceptions to the petition, and in indicating the issue which was to be tried, (the correctness of the return of the constable as to the tender of the cotton within the ten days after judgment,) and in the judgment that was rendered for the value of the cotton as proved on the trial—that it was regarded by the court, in part at least, as a proceeding which the obligors on the claim bond had instituted to set aside the claim bond, so as to prevent it from having the force and effect of a judgment against them for the sum of $400, the assessed value of the cotton. Such a proceeding in a proper case is permitted by the statute, whether it be instituted by motion, or by injunction suit by the obligors on a bond that is declared by law to have the force and effect of a judgment upon its forfeiture, if brought within one year from and after the forfeiture. (Paschal's Dig., art. 4625; Janes *v.* Reynolds, 2 Tex., 253; Testard *v.* Neilson, 20 Tex., 140.) A claim bond, upon its forfeiture, is declared by statute to have the force and effect of a judgment, upon which execution may issue for the value of the property. (Paschal's Dig., art. 5316.) And when not otherwise found upon the trial, the valuation of the property in the return of the officer is taken to be the value of the property, which in this case was $400. (Wright *v.* Henderson, 12 Tex., 45; Ratcliff *v.* Hicks, 23 Tex., 175.)

The court, upon the trial of this suit, upon the evidence adduced, reduced the amount to be recovered on the bond from $400, the estimated value of the cotton in the consta-

ble's return, to $135, the value of the cotton as proved on the trial in this suit. The effect of this adjudication was to maintain the validity of the judgment as to the liability of the cotton to the execution levied on it, the correctness of the constable's return as to the non-delivery of the cotton within the ten days after judgment, and only to reduce the amount of the consequent recovery to the amount established on the trial to be the true value of the cotton levied on. Or, in other words, full effect was given to the judgment in the suit for the trial of the right of property, and to the claim bond as having the force of a judgment, except only as to the amount of the liability of the obligors on the forfeited claim bond, and that amount was fixed by the adjudication at $135. Whether the cotton, as a growing crop, in July, was subject to a levy or not, it having been claimed by Chrisman as personal property previously bought by him, and judgment having been rendered against him defeating his right to the cotton, whatever was involved in the claim suit as between him and Grayham, the plaintiff in the execution, was concluded by the judgment rendered in it until it was appealed from and reversed, if the District Court had jurisdiction of the claim suit instituted by Chrisman. It would seem, however, that the District Court did not have jurisdiction of that suit, as it was a suit for the trial of the right to property levied on by a writ of execution, when the property levied on was not equal in value to $500. (Const. 1876, art. 5, sec. 8.) The constable valued the property at $400, as shown by his return, and the judgment on the trial of the right of property did not vary that valuation, but the ten per cent. damages of $40 were rendered upon that, as the recognized valuation of the property levied on.

If that judgment had been appealed from, the Supreme Court would have reversed the judgment and dismissed the case for want of jurisdiction in the District Court to hear and determine it. The effect of that judgment was to fix the amount of recovery on the bond at $400, as the parties on

the trial had acquiesced in the valuation of the property by the constable at that amount. The bond being declared forfeited, would have the force and effect of a judgment for the amount, if the District Court had jurisdiction of the case in which it was rendered. (Wright *v.* Henderson, 12 Tex., 46.)

The court, in the trial of this case, set aside and enjoined the judgment of the District Court which gave this bond that legal effect, but at the same time recognized its force in giving legal effect to the bond to the extent of $135, corresponding to the value of the cotton as proved in the trial of this case. In that there was error, if the court in this suit could have revised and reformed the judgment, because the judgment which gave this claim bond any legal effect whatever was rendered in a claim suit of which the District Court had no jurisdiction. This suit being a proceeding to open up and readjudicate a judgment rendered in a case of which the District Court had no jurisdiction, and which, in effect, has been done by the court by the judgment rendered in this case, the judgment must be reversed and the case dismissed. If there had been a writ of execution issued upon this forfeited bond against the obligors, treating it as having the force and effect of a judgment, and the plaintiff Grayham had sought to enforce it by a levy upon their property, the obligors might, by an injunction suit or by a motion, have called upon the District Court to enjoin or set aside its process so issued upon an invalid judgment, and the District Court would have had the power to entertain such a proceeding to correct the abuse of the process of the court, just as it would have power to stay or supersede the process of execution issued upon a judgment in that court which had been fully paid.

This is not such a case, nor was it so tried and determined in the District Court. Therefore the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.