D. A. AIKEN v. RICHARD KENNEDY.

(No. 833, Op. Book No. 2, p. 405.)

ERROR from Anderson County.    Opinion by QUINAN, J.

§ **1321.** *In the trial of the right of property, where the value assessed by the officer is not put in issue nor attacked, it is not error to adopt his valuation in rendering judgment.* It is claimed for error in the judgment that the judge failed to find the value of the property levied on. There was no special issue made on the value of the iron. The value was assessed by the sheriff on the claim bond, as the statute required him to do. The correctness of his assessment was not attacked. It was virtually acquiesced in, and the judge might properly adopt it as the rule in rendering judgment. [Wright v. Henderson, 12 Tex. 45; Ratcliff v. Hicks, 23 Tex. 174.] The cases cited were decided under the act of 1848 for the trial of the right of property, but the Revised Statutes do not differ in this respect from the provisions of that act.

§ **1322.** *Mechanics' liens; the proper remedy for the enforcement of.* The writ of attachment and the statutory action for the trial of the right of property is not the proper remedy for the protection and enforcement of liens. Notwithstanding the lien, the property may be sold and delivered subject to it; the lien holder is not the owner of the property. If Kennedy sought to establish a lien upon the iron or the bridge, the appropriate remedy would have been by sequestration or his suit against the company, in which the matter could have been adjudi-

cated.　Whether he has a mechanic's lien upon the iron attached is not properly in issue in this case.　[Tyler Tap R. R. Co. v. Driscol, 52 Tex. 16.]

October 19, 1880.　　　　Reversed and remanded.