P. A. RAYSOR ET AL. v. REID & SMITH.

(Case No. 3946.)

1. EXECUTION — PRIORITY OF LIENS.— The doctrine that the interest of the mortgagor in personal property may be levied on to satisfy the execution in favor of a third party, applies equally to property conveyed by deed of trust, where the trustee or *cestui que trust* is

neither in possession nor entitled to possession at the time of levy and sale. If the security afforded by the prior lien is in danger of being destroyed by proceedings under the levy, the remedy is an appeal by an original suit invoking the equitable powers of the court. The question of priority of liens will not be determined in a proceeding for the trial of the right of property.

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

Suit for the trial of the right of property to eighteen bales of cotton in the seed, the bales being estimated at five hundred pounds each. The cotton was levied upon as the property of Jethro Atkinson, to satisfy an execution in favor of the appellees, A. L. Reid and J. R. Smith. P. A. Raysor made the statutory claim to try the right of property to the cotton, on the 15th day of September, 1875, which was turned over to him by the sheriff, who had levied on it on the 8th day of September, 1875. The assessment of its value, as shown by his return on the execution, was $900.

The claimant's right consisted in a deed of trust, executed on the 12th day of August, 1875, by Atkinson, to secure W. R. Davis and B. J. & J. M. Carlisle, in the amounts mentioned in the deed of trust, acknowledged to have been by them advanced to him during that year to enable him to make his crop, and also to secure them in such further advances as might be made by them to enable him to gather it and prepare it for market.

The deed of trust was given upon the entire crop to be raised and gathered, with the usual powers of selling the same on default of payment. The time prescribed for selling, in case of failure to pay, was any day after the 15th day of December, 1875; power of substitution was given in the deed, and the claimant was the duly constituted substitute trustee. There was evidence that the advance contemplated by the deed of trust had been in fact made, and the execution, levy, return, claim and claim bond were all fully proved.

The cause was submitted to the court without a jury, under the following issues:

1. Was the property levied upon by the plaintiffs' execution subject to his execution?

2. If claimant has a prior lien upon the property levied on, can he assert his prior right in this proceeding, and have his debt first paid out of the proceeds thereof?

The court rendered judgment for the plaintiffs Reid and Smith, against the claimant; and decreed that the cotton levied on, of the value $900, was subject to the execution, and that in default of the delivery, by the claimant, to the sheriff, within ten days, of the eighteen bales of cotton, in as good condition as when he received them, to be sold under said execution, that the plaintiffs (appellees) have and recover from said claimant and his sureties on his claim bond the sum of $90, that amount being ten per cent. damages on the value of the property claimed, which by the court was valued at $900. From this judgment the claimant appealed, and assigned errors; the fourth and fifth of which were as follows:

4th. The court erred in the judgment; the facts do not sustain the judgment.

5th. The judgment is excessive, and the amount was not sustained by the proof.

*P. H. & J. T. Swearengen,* for appellant.

I. By the terms of the deed of trust, the defendant had lost all control over the property until this lien was satisfied, and any attempt to dispose of it otherwise would subject him to a criminal prosecution. The plaintiffs, by the levy, seized only his interest and nothing more. Drake on Attachments, sec. 539, denying the right to levy execution upon the mere equities of the mortgagor; Sayles' Practice, 776. This issue might have been decided affirmatively without injury to the claimant's right had the judgment ordered a sale of the property subject

to the lien, as in the case of Wright v. Henderson; and had this been done appellant could not complain.

II. In answering the second issue in the negative, we confidently submit that the judgment was erroneous. It is that plaintiff, though he have a prior lien upon the property, cannot assert his prior right in this proceeding and have the property sold and his debt first paid out of the proceeds thereof. The statute for the trial of the right of property authorizes any person, not a party to the writ, claiming the property, to institute this proceeding, requiring only an affidavit that the claim is made in good faith, and bond. Pasch. Dig., art. 5310.

The counsel reviewed at length, Wright v. Henderson, 12 Tex., 43; Belt v. Raguet, 27 Tex., 471, and Baker v. Klepper, 26 Tex., 629. They insisted that their views were sustained by the decision of the Court of Appeals in Dupree v. Callahan, decided March, 1877.

*Sayles & Bassett*, for appellees.

I. The character of the suit was a trial of the right of property under the statute, and the question of priority of liens could not be litigated in this form of action. Pasch. Dig., arts. 5310, 5314; Wootten v. Wheeler, 22 Tex., 338; Belt v. Raguet, 27 Tex., 471; Wright v. Henderson, 12 Tex., 43; Gillian v. Henderson, id., 47.

II. The burden of proof was upon the claimant, and he could only sustain his claim by showing that he was the owner of the cotton levied on, or that he was in possession of the same coupled with some special property therein, or that he had some such special property coupled with a present right of possession, neither of which being shown, the judgment was rightly rendered for the plaintiffs in the writ.

WALKER, J. COM. APP.—In considering the fourth assignment of error, which presents the proposition that the facts are not sufficient to warrant the judgment, we

will recur to. the issues in the case. Both of them, under the evidence adduced upon the trial, practically are but the presentation, in different forms, of the same legal question, viz.: whether the plaintiffs in execution were entitled to levy on and sell, in satisfaction of their debt, personal property of 'the defendant in execution, with notice of the existence of a valid subsisting lien thereon in favor of another, but who was neither in possession thereof nor entitled to the possession at the time of the levy and sale. For, if they could do so, the idea is excluded that the proceeds of such sale may be appropriated to the claimant's lien.

This question has been well and long settled in this state. It was decided in Wootten v. Wheeler, 22 Tex., 338, that mortgaged property is liable to be sold under an execution against the mortgagor, subject to the lien of the mortgage, although it contain a power (as was the case in the appellant's deed of trust) authorizing the sale of the property, by a trustee, upon default of payment by the mortgagor. Chief Justice Wheeler, in the opinion in the case cited, said: "It is the settled law of this state, that mortgaged property is liable to execution against the mortgagor, subject to the lien created by the mortgage." The mortgagee in that case, by the terms of the mortgage, had power to require the trustee named in the mortgage or deed of trust to sell the property which was mortgaged, on default of making payment of the debt which was secured by it. The opinion added: "The mortgagee was not entitled to hold the property, exempt from liability to be taken and sold, subject to his lien, under execution against the mortgagor." See also Gillian v. Henderson, 12 Tex., 47; Bullard v. Anderson, 18 Tex., 377; Wright v. Henderson, 12 Tex., 43; Baker v. Clepper, 26 Tex., 629.

Clearly the first issue in the case was correctly decided against the appellant; and not less clear is it, that the

query propounded in the second issue should be answered in the negative. If the claimant was endangered, in respect to his lien, by the levy which the appellees caused to be made, his remedy was to invoke the equitable powers of the court by an original proceeding. Belt *v.* Raguet, 27 Tex., 472. A sale of the property, made under the execution, would convey the interest only of the mortgagor, and would not affect the rights of the mortgagee to enforce his lien against it. The statutory writ given to the lien-holder, of sequestration, and the equitable remedy of injunction, furnish ample means to him to protect himself against danger from another creditor seeking to subject the property to the ordinary process of the law, whenever his rights require protection.

The fifth assignment, that the judgment is excessive, is not well taken. The evidence warranted the judgment of ten per cent. damages to be assessed on the valuation placed upon the property at the time the claimant took the property under his claim bond. It was valued at nine hundred dollars by the sheriff, and the damages were assessed at ninety dollars.

The evidence which the record thus offered was a proper and sufficient basis for the action of the court, as we (commissioners of appeals) have determined in the case of Aiken *v.* Kennedy, decided at Tyler, 1880, upon the authority of Wright *v.* Henderson, 12 Tex., 43; Ratcliff *v.* Hicks, 23 Tex., 173. There was no evidence to rebut, satisfactorily, the correctness of the sheriff's estimate of value, but the evidence offered on that subject tended rather to corroborate it. The defendant in the execution testified that a storm came the day after the 15th of September, 1875, which injured the cotton considerably, depreciating its value to about seven and a half cents per pound,—to the valuation of thirty-seven and a half dollars per bale. He does not state, however, how much greater was its value at the time when the claimant re-

ceived it from the sheriff, which was on the 15th of September, 1875, and before the occurrence of the injury to the cotton by the storm, and its consequent depreciation. If it was as seriously injured and as much depreciated as his testimony implies it was, it may well be supposed that the estimate made by the sheriff was a fair and just one. The claim which was made was wrongful, and had the effect to withdraw the property from the custody of the officer, who was bound by his duty to take proper care of the same, and to preserve it from injury. If it had remained in his hands, his care may have prevented the depreciation which occurred. It was within the discretion of the court to determine, under all the evidence on the subject, what value the property possessed, under all the circumstances which attended the levy, considering the nature, condition and situation of the cotton, its delivery to the claimant, and the ability of the sheriff to have preserved it from injury and loss.

There being evidence to support the conclusion at which the court arrived, its judgment will not be disturbed merely because this court might not concur as to the precise amount of the valuation made of the value of the cotton, by the court whose province it was to determine that fact.

We conclude that there was no error in the judgment which was rendered below, and that it ought to be affirmed.

AFFIRMED.

[Opinion delivered May 17, 1881.]