# BLANTON & NUNNALLY vs. J. L. LANGSTON & CO.

SUPREME COURT, TYLER TERM, 1883.

*Trial of right of property—When claim not available.*—While a mere lien upon property taken in execution furnishes no ground for the interposition of a claim to the trial of the right of property, yet the facts here show an agreement in the nature of a complete sale and delivery superseding the prior mortgage, and as title had passed, the claim of third party could not attach. *Vide* said facts for such sale.

*Practice—Trial de novo.*—Though no new counter claim or set-off can be pleaded in county or district court on appeal from Justices of the Peace, still the issues may be changed on a *de novo* trial. 1 Tex. Law Rep. p. 618.

Appeal from Nacogdoches County.

*Drury Field* for apppellants.

*Reaves & McIlwaine* for appellees.

### STATEMENT.

This is a trial to the right of property to certain cotton in seed levied on by virtue of an execution sued out by appellants against one J. H. Gresham, upon a judgment in favor of the former against the latter. Appellees claimed the property in the Justice's Court by virtue of a mortgage on the same, given them by said Gresham. In the Justice's Court judgment was rendered against appellees, who appealed therefrom. There being no County Court in Nacogdoches County the case went up to the District Court where, upon a trial *de novo* appellees set up ownership to the property by and through a *bona fide* sale and purchase made prior to the levy of the execution.

Judgment in the District Court was rendered in favor of appellees and appellant appeals, and presents the issue—was, or was not the cotton subject to the levy ?


Opinion by Willie, C. J.

It is insisted by appellants that the judgment below should be reversed because Langston & Co. were merely mortgagees of the cotton, and as such could not lay claim to it under our statute for the trial of the right to property levied on under the execution.

It is true that this court has frequently held that a mere lien upon property, taken in execution, furnishes no ground for the interposition of a claim to the trial of the property. Wright vs. Henderson, 12 Tex., 43; Wooten vs. Wheeler, 22 Tex., 338; Belt vs. Raguet 27 Tex., 471. But in our opinion the facts of this case show that,

although appellees at one time were mortgagees of the cotton, yet, by subsequent arrangement between them and Gresham, the defendant in execution, their relationship to it was changed, and they became absolute owners of it, and were such at the time of its seizure by the sheriff.

It was shown by uncontroverted proof that Gresham, after he had gathered the cotton and placed it in a pen, informed Langston & Co. of the fact, and told them they could have the cotton at any time. To this the appellees assented, and requested Gresham to hire some one to take it to the gin and they would pay for the conveyance. All this was done in pursuance of a previous agreement between the parties that Langston Co. should have the cotton when gathered, and allow Gresham the market price for it, which at that time was 8 cts. per pound. All this transpired subsequent to the execution of the mortgage and prior to the levy made under the judgment obtained by appellant against Gresham. It is evident this agreement superceded and took the place of the mortgage originally made to Langston & Co.

This agreement, followed as it was by the fact which occurred after the cotton was gathered, constituted a complete sale and delivery of the cotton. The contract for the sale had been made; there was nothing left to be done by the seller to put the goods in a deliverable state; the purchase money had been partly, if not fully paid; the cotton was held subject to the control and orders of the buyers, and they had virtually assumed all the risks to which it might be subjected. Cleveland vs. Williams, 29 Tex., 211. Gresham had no interest in the property subject to the levy, and the court properly gave judgment for the claimants.

It is true that in the trial before the Justice of the Peace Langston & Co. claimed the cotton under their mortgage, in which claim they were defeated. But in the District Court the issue was entirely different, for there the claim was made by them as purchasers from the defendant in execution. The trial in the District Court was *de novo* and the appellees were not bound by the issues made in the Magistrate's Court. If they became satisfied that their mortgage had been cancelled by their contract of purchase, no objection could be properly made to their claiming under this contract instead of the mortgage, and to make their pleadings correspond with the proof.

The case of Curry vs. Terrel, decided by the Court of Appeals,

1 Texas Law Reporter p. 618, holds that upon a trial *de novo* in the County Court, upon an appeal from the Justice of the Peace, no new cause of action can be set up by the plaintiff, nor any set-off or counter claim by the defendant, which was not pleaded in the court below. We recognize this as a correct ruling under the provisions of the Revised Statutes, cited in the opinion of that court. But this is not a case where a new set-off or counter claim is made, but a mere amendment of the issue made below, in which the defendant claims nothing that he did not claim in the Justice's Court, viz : That the property was not subject to the execution. His reasons for the claim are different, but the claim remains the same.

The judgment is affirmed.