Opinion by
Willson, J.
§ 198. Execution from justice’s court, when returnable; notice of return of. An execution issued from justice’s court is, by law, returnable in sixty days from the date of its issuance, and it is fair to presume that it was returned at the expiration of that time. Knowledge of the facts that the execution had been levied upon property, and that claim had been made to such property under the statute for the trial of the right of property, could not be imputed to the plaintiff in execution until the execution had been returned into the court from whence it issued. But, after the lapse of the time when the execution was returnable, the plaintiff in execution would be chargeable with notice of the return thereof and of the matters stated in such return.
§ 199. Trial of right of property; proceedings in. It is the duty of an officer who receives a claim affidavit and bond to forthwith return the same to the proper court, and thereupon the case is docketed in the name of the plaintiff in the writ, as plaintiff, and the claimant of the property, as defendant. At the first term of the court after the case is docketed, if the plaintiff appears, and the defendant fails to appear, or neglects or refuses to join issue within the time prescribed for pleading, the plaintiff shall have judgment by default, as in other cases. [R. S. arts. 4826, 4830, 4832, 4835.]
§ 200. Same; limitation as to. No provision.is made in the statute for citation or notice of the proceeding to either party. In the absence of any statutory provision controlling the question, the court does not feel authorized to prescribe a limitation to the proceeding, and hold that, after the lapse of a certain time from the date of the claim made, the plaintiff in execution is barred from the prosecution of his rights against the property. In *161 this case the execution which was levied upon the property was issued October 19, 1882. The claim affidavit and bond were dated October 20, 1882, but were not returned and filed in court and docketed until April 17, 1883. It does not appear when the execution was returned to the justice’s court from whence it issued. On the 23d of May, 1883, judgment by default was rendered in the county court against the claimants and their sureties upon the claim bond. Held, not error, the proceedings being regular and in accordance with the statute.
May 10, 1884
§ 201. Same; j’uigment in, against claimant. Where the property in controversy consisted of several articles, separately valued, a judgment against the claimant, and the sureties upon his claim bond, for the aggregate value of the property, was proper. [Chapman v. Allen, 15 Tex. 278; Wright v. Henderson, 12 Tex. 43; R. S. 4843.]
§ 202. Same,; return of property in satisfaction of judgment. A return of the property in .satisfaction of the judgment against the claimant must be made within ten days from the rendition of the judgment, and such property must be in as good condition as when it was released to the claimant. [E. S. art. 4845.] It is nowhere provided that the claimant may return a part of the property. The statute contemplates that a return of the property, in order to operate as a satisfaction of the judgment, shall be a return of the whole of it.
Affirmed.