## BETTERTON, IRVINE & CO. vs. N. S. BUCK.

### COURT OF APPPALS, AUSTIN TERM, 1884.

*Practices in Justices Courts.—Return of Execution.—Presumptions.*—An execution from a justice's court is returnable in sixty days from the date of issuance, and in the absence of a contrary showing the presumptions obtains, that when such an execution has been issued, it has been returned at least on the sixtieth day. From such time at least, the plaintiff in execution is chargeable with notice of any other claim asserted against the property. See the opinion in illustration.

*Same.*—No time is prescribed by statute within which a claimant to property levied upon by execution shall file his claim bond and affidavit, but articles 4826–4830 and 4832 prescribes the proceedings in such cases.

*Same—Judgment by Default.*—The statute makes no provisions for citation or notice to either party in proceedings of this character, but article 4835 declares the circumstances, under which, in such cases, judgment by default may be taken.

*Same.—Judgment.*—Objection that the judgment is obnoxious because it is for the aggregate value of the property as found by the court, instead of being for the value of each separate article of the property, is hypercritical.

*Return of Property taken under Claim Bond.*—Article 4845 provides that if "within

ten days after the rendition of judgment against him, the claimant shall return such property in as good condition as he received it," etc., "it shall operate as a satisfaction of the judgment." HELD, to contemplate the return of the whole property.

Error from Dallas county.

Defendant in error caused an execution to be levied upon certain property as the property of George Buck. Plaintiff in error claimed the property, and made affidavit and executed bond under the provisions of the law for the trial of the right to the property. The affidavit and bond are dated October 26, 1882. They were not filed in the county court until April 17, 1883. The execution, which was levied upon the property in controversy issued upon a judgment rendered in justices court, and was dated October 19, 1882. There is nothing in the record to show *when* the execution was returned to the court from whence it issued, or whether it was ever returned. The property levied upon was valued by the officer at the aggregate sum of $250.45. It consisted of various articles, and each article was separately valued by the officer making the levy, and these articles and their separate values are set forth in the claim bond. On the 23d day of May, 1883, a judgment by default was rendered by the county court against the claimants and their sureties on the claim bond for the value in the aggregate of the several articles of property levied upon, as assessed by the court, said value being $208.12. We find nothing in the record before us except the claim affidavit, claim bond and judgment. The execution and officers return thereon is not in the record.

It is insisted by plaintiffs in error that the judgment by default is erroneous, because the claim affidavit and bond were not filed in the county court, until after the lapse of six months from the date of the claim, and that therefore the plaintiff in execution lost his right to take said judgment. We are not able from the record before us to perceive that the plaintiff in execution has been guilty of any laches in the prosecution of his claim upon the property. His execution was in the hands of the proper officer, and it is not to be presumed that he knew it had been levied upon this property, and that

the property had been claimed by appellants. Knowledge of these facts could not be imputed to him, until the execution had been returned by the officer to the court from where it issued, for until this was done the plaintiff in execution could not be charged with notice of the proceedings had under such execution. We are not informed by the record when the execution was made returnable, or when it was in fact returned. By the law an execution from justices court is returdable in sixty days from the date of its issuance. This execution was, therefore, returnable about December 20, 1883. It is proper to presume that it was returned at that date, and, we think the plaintiffs therein are chargeable with notice from that date that this property had been levied upon and claimed by plaintiffs in error and released to them under said claim. Between the return day of the execution and the filing of the claim affidavit and bond in the county court, the time for holding two regular terms of the county court for civil business had elapsed, that is the January and March terms. This suit was brought to the May term of said court the affidavit and bond being filed in April. No time is prescribed by the statute within which the affidavit and bond must be filed. It is made the duty of the officer levying the writ and receiving the affidavit and bond to *forthwith* return these papers to the proper court. (Rev. Stats. art. 4826–4830.) Upon the return of the affidavit and bond the proceeding is docketed in the name of the plaintiff in the writ, as plaintiff, and the claimant of the property as defendant. (Rev. St. art. 4832.) At the first term of the court after the case is *docketed*, if the plaintiff appears and the defendant fails to appear, or neglects, or refuses to join issue under the direction of the court, or justice, within the time prescribed for pleading, the plaintiff shall have judgment by default as in other cases. (R. S. Art. 4835.) No provision is made in the statute for citation or notice of the proceeding to either party. In the absence of any statutory provision controlling the question, we would not feel authorized to prescribe a limitation to the proceedings and hold that after the lapse of a certain time from the date of the claim made, the plaintiff in execution is barred from the prosecution of his rights against the property.

We think perhaps sound legislation is needed fixing definitely a time within which the claim affidavit and bond shall be filed and docketed, but it is not a matter for the court to regulate. If by reason of delay in prosecuting the proceeding, the claimant without

fault on his part has suffered injury he might have either of two remedies; he might, by showing equitable grounds enjoin the judgment, or he might sue the officer upon his official bond and recover damages for failing to perform his duty by returning the claim affidavit and bond forthwith as the law required him to do. But, we think he can be relieved from the judgment on appeal or writ of error, where, as in this case, the proceedings are regular and in strict accordance with the provisions of the statute.

It is objected by the plaintiff in error that the judgment is erroneous because it is for the aggregate value of the property as found by the court, instead of for the separate, value of each article of the property. We think that it is no error in the judgment in this respect. The statute provides that the judgment shall be for the value of the property, with legal interest thereon from date. (R. S. art. 4843.) If within ten days from the rendition of such judgment the claimant shall return *such* property, in as good condition as he received it etc., such return shall operate as a satisfaction of the judgment. (R. S. art. 4845 ) It is nowhere provided that the claimant may return a *part* of the property. Nor is it provided that the judgment shall specify the value of each article of the property. We think the statute contemplates that the judgment shall be for the aggregate value of the property and that a return of the property in order to operate as a satisfaction of the judgment must be a return of the whole of it. (Chapman vs. Allen, 15 Tex., 278; Wright vs. Henderson, 12 Tex., 43.) That the judgment does not add ten per cent. damages upon the value of the property is an objection which the plaintiff in error cannot be heard to urge, as it was to their advantage that the judgment did not award the damages.

The judgment is affirmed. Willie, J.