GILLIAN v. HENDERSON.

Mortgaged property is liable to execution against the mortgagor, subject to the lien created by the mortgage.

Where the claimant in a trial of the right of property in his affidavit, disclosed his claim to be that of a mortgagee, there was no error in quashing the bond and affidavit and dismissing the suit on motion of plaintiff in execution.

Where in a trial of the right of property the Court quashed the bond and affidavit of the claimant and dismissed the suit on motion of the plaintiff in execution ; in which motion he did not ask for the statutory ten per cent. damages, but thereupon moved the Court to give judgment for damages against the claimant, which the Court refused ; and the claimant appealed ; and the plaintiff in execution contended in this Court that the Court below erred in not giving judgment for damages on his motion, this Court said :  " After having dismissed the suit " at his instance, the Court might well refuse to entertain his motion for an " award of damages.  He did not appeal from the judgment, nor has he as- " signed error ; and though in a case of manifest error and injustice, the Court " might deem it proper so to reform the judgment as to attain the justice of the " case, at the instance of the appellee, or defendant in error, (McNairy v. Castle- " berry, 6 Tex. R. 268,) we do not deem the present a case which requires such " exercise of authority."

Error from Red River.   This was a proceeding instituted by the plaintiff in error, for the trial of the right of property levied on by execution.   The claimant filed his affidavit and gave bond for the trial of the right of property.   In his affidavit he asserted his claim to the property as mortgagee in a mortgage given by the defendant in execution, to secure and indemnify him against his liability as the surety of the defendant in execution, in a certain guardianship.   On motion of the plaintiff in execution, the bond and affidavit were quashed and the case dismissed.   The plaintiff in execution thereupon moved the Court to give judgment for damages against the claimant, which the Court refused ; and the claimant brought a writ of error.

*Murray, Morrill & Dickson*, for plaintiff in error.
*Young & Morgan*, for defendant in error.

WHEELER, J. The claimant in his affidavit for the trial of the right of property, disclosed the nature of his claim; which was not such as divested the defendant in execution of the title, or as deprived the plaintiff in execution of the right to have the property sold under his execution, subject to the interest of the mortgagee. This point is determined in the case of Wright v. Henderson, (*ante.*) It was manifest from the claimant's averments that he was not entitled to judgment; and the Court therefore did not err in dismissing his claim.

It is insisted by the defendant in error, that the Court erred in refusing to award damages against the claimant, upon sustaining the motion to dismiss; and that the judgment should be reversed, and such judgment be now rendered as the Court below ought to have rendered.

The action of the Court in dismissing the case, was taken at the instance of the defendant in error. In his motion to dismiss he did not ask an award of damages against the claimant. After having dismissed the case at his instance, the Court might well refuse to entertain his motion for an award of damages. He did not appeal from the judgment, nor has he assigned error; and though in a case of manifest error and injustice, the Court might deem it proper to so reform the judgment as to attain the justice of the case at the instance of the appellee, or defendant in error, (McNairy v. Castleberry, 6 Tex. R. 286,) we do not deem the present a case which requires such exercise of authority. The judgment is affirmed.

Judgment affirmed.