J. S. BROWN & CO. v. D. A. YOUNG ET AL.

(No. 1824, Op. Book No. 2, p. 571.)

ERROR from Parker County. Opinion by WALKER, R. S., P. J.

§ **1240.** *Jurisdiction of county court; injunction; amount in controversy.* Brown & Co. had a judgment against B. A. Mathews in justice's court of Galveston county for $176.52, upon which an execution issued to Parker county and was levied upon goods found in possession of said B. A. Mathews, which goods were of the value of $242. D. A. Young and M. Mathews obtained from the county judge of Parker county an injunction restraining the sale of the goods, alleging that they were the owners of the goods; that they were partners with B. A. Mathews, but that he had no interest in the goods,

and they made him a defendant in the suit. A trial of the case before the county court of Parker county resulted in a perpetuation of the injunction, and a judgment against Brown & Co. for $100 damages claimed by plaintiffs, and an alternate judgment in plaintiffs' favor for the goods or their value, $242. *Held:* The county judge of Parker county had authority to grant the injunction. The amount in controversy was the value of the goods levied upon, which was $242, and not the amount of the judgment or execution. [Const. art. V, § 16; R. S. 1170.]

§ 1241. *Injunction; where returnable; venue of.* The injunction in this case was properly returned and tried before the county judge of Parker county, that being the county of plaintiffs' domicile. The justice of the peace that issued the execution had no jurisdiction of the amount in controversy, the value of the property levied upon, and, therefore, the writ was not properly returnable before him. Besides, the plaintiffs in injunction were not parties to, or in anywise connected with, the judgment or execution, and were not bound to resort for relief to any other court than one of their domicile. In Winnie v. Grayson, 3 Tex. 429, it is said: "An application for an injunction to stay proceedings on a judgment must be in the court in which the judgment was rendered, unless made by one who was not a party to the judgment and whose residence is in another county." This case comes within the exception stated in that decision. Where the property of a person who is not a party to the judgment has been levied upon, he may claim that his rights shall be tried in the court of his domicile.

§ 1242. *Same; remedy by partners, where partnership property is seized; trial of right of property not applicable.* It is not an open question that injunction is the proper remedy by copartners to protect their interests against the improper seizure of partnership property to satisfy the separate debt of one of the partners. They have a lien upon the partnership property as well for the debts

due by the firm as for their own shares and proportions thereof, and the judgment creditor and the purchaser under him must take it subject to all such claims and liens. [Story on Part. § 261 and note.] These acknowledged rights are of such a nature as to require for their proper ascertainment, and in order to determine the rights of all who are concerned, the exercise of the equitable jurisdiction of the court in the adjustment of the accounts and assets of the partners between themselves, and therefrom to enable the court to define the real interest which a separate creditor of one of the partners can acquire, if any, without detriment to the rights of the other partners. The statutory remedy of trial of the rights of property is held to be inapplicable to the remedy sought by one having a lien on the property levied upon. [Gillian v. Henderson, 12 Tex. 47.] And the holder of a lien, it seems, if endangered by a levy, should invoke the equitable powers of the court by an original proceeding. [Belt v. Raguet, 27 Tex. 472.] The proper proceeding in a case like this is by injunction. [Rogers v. Nichols, 20 Tex. 719; Story on Part. § 264.]

October 3, 1881.                             Affirmed.