LEON & H. BLUM v. CHAS. W. CONRAD.

(No. 1863, Op. Book No. 2, p. 534.)

APPEAL from Dallas County. Opinion by WALKER, R. S., P. J.

§ 1217. *Landlord's lien; remedy where property subject to, has been sold.* Canthon & Co. owed Leon & H. Blum $200 for rent of a house. They had property on the rented premises, and, among other things, two ice chests and a safe of the aggregate value of $200. Appellee Conrad purchased the ice chests and safe from Canthon & Co. Appellants brought this suit against him to recover $200 damages, alleging that he took and converted the property to his own use, with notice that appellants had a landlord's lien thereon, etc. A trial of the case resulted in a verdict and judgment for Conrad. *Held*, that appellants' suit was not maintainable; that the only right which appellants had to the property was the right to foreclose their landlord's lien upon it, which they did not undertake to do, and showed no reason for not pursuing such remedy. Conrad did not become a tortfeasor by his purchase. Appellants sustained no damage by his purchase. If the property was subject to lien as claimed by them, the lien could have been still enforced against the same in the hands of Conrad. The proper remedy of appellants was to enforce their lien upon

the property, and not a suit against Conrad for damages. The evidence showed that the property was within reach, and that, by the proper proceeding and diligence, appellants could have collected their debt out of the property subject to their lien, if they had any such lien. Under these circumstances they could not maintain their claim that they had been damaged by the purchase of Conrad.

§ **1218.** *Mortgaged property is subject to execution; damage does not necessarily result from sale of.* Mortgaged property may be taken in execution, subject to the lien of the mortgage. [Wooten v. Wheeler, 22 Tex. 338; Wright v. Henderson, 12 Tex. 43; Baker v. Clepper, 26 Tex. 629; Gillian v. Henderson, 12 Tex. 47.] And this although the mortgage contain a power of sale of the property by a trustee. [Wooten v. Wheeler, 22 Tex. 338.] From such a sale, or from a voluntary sale made by the mortgagor, or by the tenant, of property subject to lien, there does not necessarily result any damage to the beneficiary party to such liens. The damages, if any, must therefore be special, and to recover which they must be alleged and proved. [R. R. Co. v. Shirley. 45 Tex. 357; Moore v. Anderson, 30 Tex. 224.]

October 26, 1881. Affirmed.