## J. S. BROWN & CO. v. D. A. YOUNG ET AL.

### COMMISSION OF APPEALS, TYLER TERM, 1881.

[Published by request.]

*Injunction—Jurisdiction of county and justices' courts—Case stated* —Defendants in error instituted injunction suit in County Court of Parker county against plaintiffs in error and one M., and also the sheriff of Parker county, to try the right to personal property levied upon by said sheriff as the property of said M., and for damages for said wrongful levy, made by virtue of an execution issued by a justice of the peace of Galveston county, on a judgment in favor of plaintiffs in error against said M. for $166.52. In their petition plaintiffs in error set up ownership in the goods, allege partnership with M., but deny that he has any interest in the property levied upon, and pray for writ of injunction to restrain sale, and for damages. Injunction granted and judgment rendered against plaintiffs in error for $100 damages and alternate judgment for goods or value, worth $242.

*Held,* that the county court had jurisdiction to grant and perpetuate the injunction; that this was the proper remedy, and statutory remedy of trial of the right of property was inapplicable.

Error from County Court of Parker county.—J. N. Haney, for plaintiffs in error. Lanham, Roach & Stevenson, for defendants in error.

This was an injunction suit brought by defendants in error against plaintiffs in error and B. A. Mathews and the sheriff of Parker county, to try the right to certain personal property levied upon by said sheriff, at the instance of plaintiffs in error, and to enjoin the sale of said property, and for damages for levying upon the same. On the twelfth day of May, 1879, the sheriff of Parker county levied an execution issued by a justice of the peace of Gal-

veston county, on a judgment in favor of J. S. Brown & Co. v. B. A. Mathews, for the sum of one hundred and sixty-six dollars and fifty-two cents, upon certain goods found in posssession of B. A. Mathews, and on the twenty-fourth day of May, 1879, D. A. Young and M. Mathews, alleging that they, and not B. A. Mathews, were the owners of said goods levied upon, filed their petition in the County Court of Parker county, setting up their ownership, and claiming title to the goods, and praying for a writ of injunction to restrain the sale of the goods so levied upon, and for damages, etc.

The petition is quite voluminous, and alleges a partnership between petitioners, D. A. Young and M. Mathews and said B. A. Mathews, defendant in the execution so levied, but alleges that he had no interest in the goods levied upon, and makes him a party defendant.

The county court granted and issued the injunction as prayed for, and on final hearing adjudged the goods so levied upon to the petitioners, D. A. Young and M. Mathews, and made the injunction perpetual, and rendered final judgment against J. S. Brown & Co. for one hundred dollars damages, besides an alternate judgment 'for the goods so levied upon, or their value, adjudging them to be worth $242.

J. S. Brown & Co. filed and insisted upon a motion to dissolve the injunction on the grounds that the county court had no jurisdiction to grant the same, and for other causes assigned in said motion, and also filed general and special exceptions to the petition, all of which were overruled by the court and duly excepted to, and assigned as errors, and now prosecute this writ of errors, after a motion for a new trial was overruled, and ask a reversal of the case.

Opinion by Walker, J.—The brief of the appellants' counsel presents for our consideration but two of the grounds of error alleged in the assignment of errors. We will confine ourselves to the points thus relied on, which are stated in the assignment of errors as follows:

" 1. The said County Court of Parker county erred in overruling defendant's motion to dissolve the injunction granted in this case, because the county court had no jurisdiction to grant the injunction staying the sale of personal property levied upon under an execution from the justice's court of Galveston county for less than $200.

" 2.   It was error in the County Court of Parker county to grant and perpetuate the injunction in this case, because the plaintiffs, D. A. Young and M. Mathews, had an adequate legal remedy, by affidavit and claim bond, to try right to the property levied upon, and the motion to dissolve the injunction should have been sustained."

Authority to grant writs of " injunction," *eo nomine,* "and also to grant all other writs necessary to the enforcement of the jurisdiction of the court," is conferred by the Constitution (art. 5, sec. 15), and it is in the same terms recognized by enactment. (Act June 16, 1876, art. 1170, Revised Statutes.)

The appellants, however, insist that the authority to issue the injunction in this case is limited, under the law, by the requirement that when he shall thus issue said writ, it must be made returnable to the court of the justice of the peace whence the execution came. This suit was filed, and fiat of the judge made, on the twenty-fourth day of May, 1879.   At that date article 3932, Paschal's Digest, was in force, which has been re-enacted in the Revised Statutes (article 2880) with but inconsiderable change, the change consisting rather in structure of sentences and verbal phrase than in the substantial provisions of article, and, also, to adapt the law to the jurisdictions of the several courts according to their present defined limits as to the Constitution and laws, and to define them.

Article 3932, Paschal's Digest, provides that " writs of injunction granted by any judge of the Supreme or district court, if to stay proceedings in a suit or execution on a judgment, shall be returnable to, and tried in, the district court of the county where the suit is pending or the judgment was rendered.   Writs of injunction for other cases, where the defendant is an inhabitant of the State, shall be returnable to, and tried in, the district court where the defendant, or, if there be more than one, where either of the defendants, has his domicile."

Until jurisdiction was conferred on county judges, under the Constitution, and laws which have been cited, to issue writs of injunction, the authority to issue that writ did not exist.   When it was thus conferred, however, in the absence of other directions given by the law-making power than as contained in article 3932, Paschal's Digest, the rules and limitations there prescribed, and which are made to apply to Supreme and district judges, would have application, undoubtedly, to county judges, and the direction

which the article contains, that the writ of injunction in such case shall be returnable to the district court, which formerly alone had jurisdiction to try suits of injunction, would be construed, in connection with the subsequent laws which have extended the jurisdiction to try suits of injunction to other courts, so as to render the provisions of that law (art. 3932) applicable to any court to which had been confided the jurisdiction to determine the injunction suit· If, therefore, this case had fallen under such facts as that the justice of the peace of Galveston county, who issued the execution, would have had jurisdiction to try an injunction suit where the the property or amount involved exceeded two hundred dollars, as it did in this case, the writ would have been returnable, according to the letter of the statute, to that county, provided the character of the injunction suit is otherwise such as to require it to be returned to the court from which the execution enjoined was issued. It follows, therefore, that whether a county judge who issues an injunction to restrain proceedings under an execution from a justice's court shall make it returnable to that court must depend upon the question, first, whether such justice would have jurisdiction to try and determine the subject matter in controversy involved in the injunction; for if that court could not do so, the statute would not be construed to impute to the law an intent to require a vain and useless thing; and, secondly, it would depend upon whether the cause for the injunction is or is not such as to require the writ to be returnable to the court which had rendered the judgment or issued the execution.

The goods which were levied upon, and the sale of which was enjoined, were of the value of two hundred and forty-two dollars. an amount exceeding the jurisdiction of the justice's court. The jurisdiction of justice's court is limited by the Constitution and laws as follows:

" The courts of justices of the peace, shall, in addition to the powers and duties elsewhere provided for, have and exercise original jurisdiction in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts." (Cons., art. 5, sec. 19.)

The statute, enacted under authority of the Constitution, to confer upon the justices' courts other jurisdiction, has made other jurisdictional provisions, which need not be enumerated, as they do not

embrace the subject of injunctions, nor affect the matter involved here.

We conceive that the amount in controversy being over two hundred dollars, it was not competent for the justice's court to entertain jurisdiction of this injunction, and that it was for that reason alone not returnable to the justice's court in Galveston county. That court being one of limited jurisdiction, could not hear and determine the issue between the parties as to whether property of the value of $242 was subject to be sold under execution. The county judge having jurisdiction over the subject matter, would be authorized to grant the injunction and make the writ returnable to some court which possessed jurisdiction to determine it, irrespective of whether the application for relief came from one who was a party to the judgment and execution, or from one who was a stranger to both. The statutes (art. 3932, Pasch. Dig., and art. 2880, Rev. Stats., on same matter), contemplate proceedings different in the one and the other instance. It is necessary to determine in this case to what court, or in what county, the writ should have been returnable, in case it had been sued out by defendant in the judgment and execution; he was not the complainant, nor was he one of the parties plaintiff in the bill. The gist of the action is the claim of the plaintiffs that the property levied on is their own, and not that of the defendant in the execution. Their rights, whatever they might have been, were not connected with, nor were they themselves privy to, the judgment on which the execution issued, or in any wise connected with it. They are not bound under those statutes to litigate or contest their right to restrain proceedings at law in the court where the judgment was rendered between other parties which are pending in that forum; they are in no wise connected with it, and are entitled to redress against any invasion of their rights of property made by process from such foreign tribunal by the ordinary remedies of the law. This statute underwent judicial construction on this point in the case of Winnie v. Grayson, 3 Texas, 429, and it was held that "an application for an injunction to stay proceedings on a judgment must be to the court in which the judgment was rendered, unless made by one who was not a party to the judgment, and whose residence is in another county. Where the property of a person who is not a party to the judgment has been levied upon, he may claim that his rights shall be tried in the court of his domicile."

The alleged trespass complained of was committed by the sheriff

of Parker county, who is alleged to be a citizen of that county, and who is made one of the defendants in this suit, and under the terms of the statute the writ may be "returned and tried where either of the defendants has his domicile."

The county judge, therefore, had jurisdiction to issue the injunction, and also to hear and determine it in the County Court of Parker county; and because the execution was issued to enforce the collection of a less sum than two hundred dollars, that consideration did not control nor effect the true test of the court's jurisdiction.

The original jurisdiction of the county court in civil cases depends upon the "value of the matter in controversy. It has exclusive original jurisdiction where the matter in controversy shall exceed in value two hundred dollars, and shall not exceed five hundred dollars, exclusive of interest." (Constitution, art. 5, sec. 16.) Neither the amount nor the validity of the execution from the justice's court was in controversy; the matter in dispute was goods of the value of $242, and the question was whether they might be sold to satisfy the debt of one other than the plaintiffs, who claimed the exclusive right to and ownership of them.

The case of Wheeler v. Collins, decided by the Court of Appeals (vol. 4, Texas Law Journal) is referred to by the appellants' counsel in support of the ground of error assigned. That case is not necessarily in conflict with this opinion; there the defendants in the judgment and execution obtained the injunction, and it was held that the injunction was returnable to the justice before whom the judgment was rendered, and that it was error for the county court in another county to entertain jurisdiction. Whether, in such case, the justice had jurisdiction to try the case, the expression of any opinion may, perhaps, well be reserved. It is not necessary in this case to determine that question. The plaintiffs in this suit, as has been seen, are not affected by a rule prescribed for parties to the record in another suit.

The second ground of error, which has been already quoted in full, is not maintainable. It is not an open question that injunction is the proper remedy by co-partners to protect their interest against the improper siezure of partnership property to satisfy the separate debt of one of the partners. "They have a lien upon the partnership property, as well for the debts due by the firm as for their own shares and proportions thereof, and the judgment cred-

itor, and the purchaser under him, must take it subject to all such claims and liens." (Story on Partnership, sec. 261 and note.)

These acknowledged rights are of such a nature as to require for their proper ascertainment, and in order to determine the rights of all who are concerned, the exercise of the equitable jurisdiction of the court in the adjustment of the accounts and assets of the partners between themselves, and, therefore, to enable the court to define the real interest which a separate creditor of one of the partners can acquire, if any, without detriment to the rights of the other partners.

The statutory remedy of trial of the right of property is held to be inapplicable to the remedy sought by one having a lien on the property levied upon. (Gillian v. Henderson, 12 Texas, 47.) And the holder of a lien, it seems, if endangered by the levy, should invoke the equitable powers of the court by an original proceeding. (Belt v. Raquet, 27 Texas, 472.)

The proper proceeding in a case like this is by injunction. (Rogers v. Nichols, 20 Texas, 719; Story on Partnership, sec. 264, and authorities there cited.)

Having considered the only grounds of error which the counsel for appellants have presented in their brief, the others, which are embraced in the assignment of errors, do not require notice, as, under rule twenty-nine for the Supreme Court, they are to be regarded as abandoned.

There being no error apparent upon the record for which the judgment ought to be reversed, we conclude that it ought to be affirmed.