## T. P. DEMMITT, SHERIFF, v. GEORGE GARNIER.

### SUPREME COURT, AUSTIN TERM, 1882.

*Remedy.*—Where property in the hands of a constable, by virtue of a distress warrant, is taken possession of by a sheriff under other process, the proper remedy for plaintiff in first proceeding is not injunction, where petition fails to show that damages were incurred.

*Landlord's lien.*—Though the Commissioners of Appeal entertain a contrary opinion, the doctrine laid down in 51 Texas, 134, is by the Supreme Court approved; and that is to the effect that the act of April 4, 1874 (Paschal's Digest, article 7418c), gives a lien to landlords in towns and cities upon goods, wares and merchandise in the rented premises, to secure rents that may become due.

This suit was brought June 17, 1875, by the appellee against the appellant, to enjoin the sale by him, as sheriff, of one pair of counter scales, twelve candy jars and one showcase, and also for damages for their illegal seizure, alleging that said property was subject to his lien, as landlord, for rent due him by one Lubens, whose property the same were when thus siezed by the defend-

ant, as sheriff, to satisfy a certain judgment against said Lubens in favor of a third party creditor, the execution issued upon said judgment being the authority under which said sheriff acted in levying upon the goods in question.

The plaintiff alleged the insolvency of Lubens, and that he was remediless to collect his rent of $25 unless the property referred to was subjected to the payment of said rent.

The defendant demurred to the plaintiff's petition. The demurrer was overruled, cause tried by the judge without a jury, judgment for the plaintiff, perpetuating the injunction which had been granted to restrain the sale, and adjudging that the defendant deliver the property referred to to the constable, in whose hands was, a distress warrant, issued by a justice of the peace in favor of the plaintiff against said Lubens, which had been issued to secure said rent, shortly after the defendant, as sheriff, had levied upon and taken possession of said property, together with other articles levied upon in the business house of said Lubens, as his property.

Defendant appealed, and assigns as error the overruling of his demurrer to the petition and the rendition of judgment for the plaintiff, because there is no lien, under any law, in favor of any one for rent, except upon products of a farm and stock thereon.

Opinion by Walker, J.—"It is always a sufficient objection to the granting of an injunction that the party aggrieved has a full and adequate remedy at law, and it is a well established rule that courts of equity will not lend their aid for the protection of rights or the prevention of wrongs where the ordinary legal tribunals are capable of affording sufficient redress; and where it does not appear that the remedy at law is inadequate, or that the party aggrieved is entitled to more speed and relief than can be obtained by the ordinary process of courts at law, an injunction will be refused." (High on Injunctions, sec. 28, and authorities cited.)

The case which the plaintiff makes in his petition for injunction is that of a forcible and unwarranted trespass by the defendant in seizing, without process and without authority of any kind, the property which the plaintiff had caused to be seized by distress warrant, and that he fears he will lose his debt if the defendant is allowed to sell said property.

These facts are not sufficient to entitle the plaintiff to the relief which he sought. The plaintiff's petition does not allege that he, as landlord of Lubens, held or was entitled to claim a landlord's

lien upon the articles of property which he alleges had been seized by his distress warrant. The petition evidently means to convey the idea, by implication at least, that the constable had seized the property under the distress warrant before the sheriff (defendant) had had possession of the same. The facts shown upon the trial are quite different from that state of facts; but, taking the facts as stated in the petition as true, and as they should be taken most strongly against the pleader, it will not be assumed, in the absence of an averment to that effect, that the plaintiff was entitled to a landlord's lien upon the property. The property may have been the property of Lubens, subject to the writ under which it was seized by the constable, to which, nevertheless, the landlord's lien may not have attached.

In such case, if the plaintiff or the constable were entitled to maintain any action under the facts stated, the remedy would have been for damages against the sheriff or for the recovery of the specific property itself in the hands of said sheriff.

To maintain either of which the law afforded ample and sufficient remedies without recourse to the interposition of equitable remedies. The defendant is not alleged to be insolvent or unable to respond in damages, and in respect to the suit for the property itself in his hands, the law afforded him the aid of the statutory remedy and process of sequestration.

The case would not have been different either if it had been averred that the plaintiff had a landlord's lien upon the property thus seized; for merely that he held such lien does not of itself exempt the property from its liability to be sold by other creditors even under legal proceedings, subject, however, to the lien. "Mortgaged property may be taken in execution, subject to the lien of the mortgage." (Wooden v. Wheeler, 22 Texas, 338; Wright v. Henderson, 12 Texas, 43; Baker v. Clepper, 26 Texas, 629; Gillian v. Henderson, 12 Texas, 47.) And this, although it contain a power authorizing a sale of the property by a trustee upon default of payment by the mortgagor. (Wooden v. Wheeler, supra.)

And supposing the property thus to have been subject to the lien under the facts alleged in the petition, upon any implication which can be fairly suggested, no necessity was shown which required a court of equity to interpose to protect the plaintiff against an injury which otherwise would be suffered in spite of legal remedies. For a sale of the property would be, from aught that appears, subject to such supposed lien, and the plaintiff might pursue, if neces-

sary, the property in the hands of the purchaser, aided, if need be, by a writ of sequestration, the same as he might have done by his distress warrant whilst the property was in the hands of the original owner.

If, in the mean while, the plaintiff's security, under the circumstances stated in the petition, was threatened to be diminished or imperriled, equity would, under proper rules, extend the appropriate and required relief by injunction; but such facts as would make a case of that kind are not here set up in the petition. The petition, therefore, was not sufficient as a bill for injunction; as a suit for damages in connection with the remedy asked for of injunction, the facts stated do not show with clearnes and distinctness any cause of action for damages. If the defendant, without process or authority, and without color of official authority, as is alleged, took the property from the custody of the law, it is not perceived what impediment existed to prevent the constable, under the same writ under which he held the property, from retaking it from the alleged trespasser.

The petition, whilst it generalizes in assertion that the constable endeavored to possess himself again of the property, does not allege any fact which intimates a reason why the property was not amenable to the writ under which the constable had seized it. The injury complained of must a real and an actual one, and it does not clearly appear from the meagre facts that are stated, showing a mere change of possession of property, disconnected from any fact which ultimately injured the plaintiff's rights, or which prevented him from being restored to the original position in which he stood at the time of the alleged trespass, that he had sustained any injury whatever.

The property was neither injured nor removed, so as to induce any actual loss to the plaintiff at the time of filing this suit. Under the facts alleged, the plaintiff had at least acquired a lien upon the property, by virtue of the levy, against and creditor subsequently levying upon the same; and, in that state of the case, it cannot be said that he has sustained any injury from the mere consideration of a change of possession, which the plaintiff does not show has resulted in any injury to himself, and when the petition does not fairly negative the idea, but that if the sheriff, as is alleged, had held the property without authority, that the constable had the right to restore himself to the possession of the property.

We conclude, therefore, that the first ground assigned as error is well taken. The demurrer ought to have been sustained.

The application of the principles of law to the evidence in the case induces the corollary that the second ground of error is also well taken, and that the plaintiff was not entitled to the judgment which was rendered in his favor.

We do not think that the record requires us to express an opinion in respect to the proposition in the assignment of errors, that the property in question was the subject of the plaintiff's lien as the landlord of Lubens. The determination of that question is not necessarily involved in the proper disposition of each and all the legal questions presented under the assignment of errors. We will remark, however, that the question suggested was decided by the Supreme Court in Rosenburg v. Shaper, 51 Texas, 137, Chief Justice Moore dissenting.

The view which we (the Commissioners of Appeal) entertain of the question is contrary to the conclusion reached by the majority of the court in the case above cited. The reasoning employed in the opinion delivered in the case is unsatisfactory, as we conceive, and we incline to the conclusion that the act of 1874, whilst affording the remedy of a distress warrant against the property of the tenant in the mode pointed out by that statute, did not extend a preference lien in favor of the landlord, except as to such property as is specifically designated in the first section of that statute.

We are of opinion that the judgment ought to be reversed and the cause remanded.

Report of Commissioners of Appeal examined, their report, insofar only as it relates to the insufficiency of the petition, and of the case made as one for injunction or damages, is adopted, the judgment reversed and cause remanded.