## SWINDLER *vs.* PEYROUX ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

The presence of a child of the deceased, is not inconsistent with the administration of the estate by a curator.

A sale of real property, as a part of a vacant estate, by order of the Court of Probates, discharges all mortgages upon it granted by the deceased owner, but does not affect those with which the property was encumbered at the time he purchased it.

The plaintiff was the widow of Dorsey P. Swindler, against whose estate she had recovered a judgment in the Court of Probates, for her dotal and paraphernal property, amounting to four thousand two hundred and eighty-nine dollars and sixteen cents. The claim of their daughter for her property, entrusted to him as her natural tutor, was allowed in the same court, amounting to nine thousand six

hundred and thirteen dollars and fifteen cents. This claim had, by public act, been transferred to the plaintiff.

Several slaves were subsequently purchased by the plaintiff, in part payment of her claims, at a sale of Swindler's succession, made by order of the Court of Probates.

The defendants, averring they had a mortgage on the slaves, obtained from the Court of the Third Judicial District, an order of seizure and sale against them. To stay all proceedings on this order, the plaintiff sued out an injunction, which was dissolved, and while a motion for a new trial was pending and undecided, the defendants advertised the slaves for sale under this order.

The plaintiff then filed her petition, setting out her claims, and succeeded in obtaining a second injunction.

The defendants pleaded to the allegations of her petition, a general denial, and moved to dissolve the injunction, with costs and damages.

Judgment was rendered for the defendants, and the plaintiff appealed.

The opinion of the court, Mathews, J. absent, was delivered by Martin, J.

The plaintiff is appellant from a judgment which dissolved an injunction which she had obtained to prevent the sale of certain slaves in her possession, under an order of seizure and sale procured by the defendants.

The facts of the case are these. Her late husband and Lafeton purchased a plantation and twenty-seven slaves in partnership, for cash. He afterwards made three promissory notes to the order of Lafeton, who endorsed them; they were delivered to the defendants, and the maker and endorser joined in a mortgage of thirteen of the above slaves, to secure the payment of the notes. Afterwards, all or part of the remaining slaves not mortgaged to the defendants, being mortgaged to other creditors, a division of the whole was made, and nine of those mortgaged to the defendants fell to the share of the plaintiff's husband, on an agreement that each

EASTERN DIS.
*May*, 1833.
═══════════
SWINDLER
*vs.*
PEYROUX
ET AL. of the partitioners should pay the debts for which the slaves which fell to their respective shares, were mortgaged. After this, the plaintiff became a widow, and renounced the community; the estate was administered by a curator, and she purchased eight of the slaves mortgaged to the defendants, in the lot of her husband, at the sale of the Court of Probates.

She resists the defendants' attempt to have them sold to satisfy their mortgage, on the ground that it was purchased by the probate sale, and they ought to have exercised their rights in the proceeds of the sale in the Court of Probates; and on the ground of a higher lien in her, for the security of her claim against her husband's estate for her dotal and paraphernal property, and as assignee of a daughter of her husband, for a privileged claim against him as her tutor.

The counsel of the defendants has chiefly confined his efforts to oppugn the doctrine which our learned brother has taken as the basis of his decision, viz: that a sale by a Court of Probates of the property of a vacant estate, transfers it to the vendee free from any mortgage or privilege with which the deceased has encumbered it; that the case of *De Ende* vs. *Moore*, which is usually cited in support of this doctrine, has ceased to be law under the existing legislation.

He has next contended, the estate was not a vacant one, since it appears the deceased left a daughter, as the assignee of whom the plaintiff sets up a claim, and if, therefore, the estate is not a vacant one, the Court of Probates was without authority to order a sale.

It has appeared to us, there is not any thing in the *Louisiana Code* or *Code of Practice*, in any way militating against any of the provisions of the Code of 1808, on which, the counsel concludes, our decision in De Ende's case was bottomed. He has referred us to the *Louisiana Code*, 1154–8, 1176, 3341–8; to the *Code of Practice*, 61 and *seq.* to 2 *Moreau's Digest* 433; 3 *Martin, N. S.* 604, and *id.* 581.

The presence of a child of the deceased, is not inconsistent with the administration of the estate by a curator. The presence of a daughter of the deceased is not inconsistent with the administration of the estate by a curator; especially when she is a creditor, and the widow has renounc-

ed the community, for the daughter may have declined be- <span style="float:right">Eastern Dis.<br/>*May*, 1833.</span>
coming an heir.

The appellant's counsel, complains that the claim of a <span style="float:right">SWINDLER<br/>*vs.*<br/>PEYROUX<br/>ET AL.</span>
mortgage of the defendants has been sustained as to one un-
divided half of the slaves. In this, it does not appear to us,
the court erred. The deceased, when he executed the mort-
gage sent to the defendants, jointly with Lafeton, was him-
self the owner of one half of them only—the other half was
Lafeton's. It is true he afterwards acquired this latter half
by a contract of purchase or exchange; parting, in favor of
Lafeton, with his undivided half of other slaves. But this
acquisition was made *cum onere*; the undivided half that had
belonged to Lafeton, was in the hands of the plaintiff's hus-
band, burthened with this mortgage to the defendants, which
nothing has destroyed    The sale by the Court of Probates <span style="float:right">A sale of real<br/>property, as a<br/>part of a vacant</span>
purged, indeed, the mortgage the deceased had encumbered <span style="float:right">estate, by order<br/>of the Court of</span>
it with, but it did not purge those with which the property <span style="float:right">Probates, dis-<br/>charges all mort-</span>
had, before it became Swindler's, been encumbered by ante- <span style="float:right">gages upon it<br/>granted by the</span>
rior owners. For these the property is still bound. <span style="float:right">deceased owner,<br/>but does not affect</span>

The judgment dissolved the injunction, and orders the <span style="float:right">those with which<br/>the property was</span>
sale of the whole of the slaves, and directs one half the net <span style="float:right">encumbered when<br/>he purchased it.</span>
proceeds to be paid to the defendants, and the other to the
plaintiff. It has not been made a question, before us, nor
(as far as it appears) in the lower court, whether the plain-
tiff, by her purchase, did not acquire an indefeasible title to
one undivided moiety of the slaves, and whether she was not
entitled to demand it, in kind, by a partition; we have not,
therefore, examined this point.

As to the alleged prior claim of the plaintiff, in her own
right and that of her step-daughter, for dotal or paraphernal
or minor's claims, it has appeared to us, the district judge
correctly concluded the defendants' mortgage was prior in
time, and consequently *potior in jure.*

It is, therefore. ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs·

*Labauve*, for appellant.   *Burke* and *Davis, contra.*