Lipsoomb, J.
The appellant brought suit in tbe district court of Bed Biver county against tbe appellee as administrator, setting forth that tbe appellant’s intestate was justly indebted to him in $735.50; that to secure tbe payment of tbe said debt tbe said intestate bad executed a deed of mortgage on a certain piece of land in tbe town of Clarksville, Bed Biver county; that tbe time for tbe payment of tbe money is past — that it has not been paid. He prays that judgment be rendered in bis favor for his debt, interest and costs and for general relief. He brings tbe said deed of mortgage into court, and prays process against tbe administrator.
There were several peremptory exceptions filed. Tbe court below sustained tbe exceptions and gave judgment for tbe defendant, from which an appeal was taken.
The only exception that we shall notice is that tbe plaintiff bad *(452) not averred that he had presented his claim to the a dministrator for approval before the commencement of the suit. It will be found provided by the 17th section of the act regulating the duties of probate courts, and the settlement of successions, “That no bearer of a claim for money against a succession administered by an executor or administrator shall commence an action against such succession before presenting his claim to such executor or administrator;” and by section 18, “ That if such claim be acknowledged and approved by such executor or administrator, he shall indorse or annex to the claim a declaration signed by him, stating that he has no objection to the payment of such claim; after which the bearer of such claim shall submit it to the judge, that it may be ranked among the acknowledged debts of the succession;” and the next section provides that suit may be brought, if it is not so acknowledged when presented.
The object of the above sections manifestly was, to prevent litigation and unnecessary expense to estates, and promote their settlement with as little delay as practicable. If suits were permitted to be brought without first ascertaining by a presentation of the claim, whether it would be contested or not, much of the assets would be absorbed in costs. The language of the 17th section, before cited, is sufficiently comprehensive to embrace every claim for money of whatever grade, upon which suit was necessary to its assertion in a court of law. A debt, secured by a mortgage on specific property, forms no exception. If presented, allowed and
placed on the tableau of acknowledged debts, it can have all the benefit of its specific lien without the necessity of suit. Should the funds of the estate be sufficient, it will be p^id out of the general funds; if not sufficient without sale, the sale will be ordered by the court on the application of the executor or administrator, or on their failure to make such application, of the creditor; and in making the order of sale the judge will have regard to the nature of the claims. See sec. 29, same Act.
This view is fortified by the 21st section of the same law, where the order of claims is classified; and in the conclusion of the section the creditor, who has a lien upon any particular property, is provided for.
In Louisiana, under similar provisions of their law, this doctrine is believed to be well established. It is looked upon as a more convenient and less expensive mode of obtaining the benefit of a mortgage against a deceased mortgagor, than by suit for foreclosure. It deprives the mortgagee of none of his rights, and saves costs to the estate of the deceased mortgagor.
*(453) We believe there is no error in the judgment of the court below. It is therefore affirmed. See Swindler v. Peyroux et al. 5 La. 470; Offut v. Hendsley, 9 id. *