JAMES H. CANNON, ADMR. OF JOHN T. DECHARD, AND HARRIET DECHARD, WIDOW, v. R. M. BONNER, FOR USE OF W. M. McDANIEL AND B. W. JACKSON.

1 When the vendor of land takes personal security other than the bill or note of the vendee for the purchase money, he is held to have abandoned his vendor's lien.

2. A mortgage made by the vendee who has given such other personal security to secure the purchase money, is construed only as a mortgage and not as evidence of the vendor's lien; and if not signed and acknowledged by the wife, does not subject the land to the debt as against the homestead rights of the wife.

3. The allowance and approval of a note by the Probate Court, as a claim against an estate, is a *quasi* judgment, and can only be attacked as other judgments.

4. The action of the Probate Court setting aside a homestead is conclusive except when directly attacked.

APPEAL from Anderson. Tried below before the Hon. John G. Scott.

This was a suit to enforce a mortgage. The relation of the several parties to the transaction appears in the complicated record, the outlines of which are as follows:

On twenty-seventh of November, 1861, John T. Dechard as principal, and W. Y. Lacy and John G. Stuart as sureties, executed three notes to Isaac S. Taylor, each for $833, due, respectively, in one, two and three years, with interest. These notes were for part consideration for 214 acres of land sold by Taylor to Dechard, and for which Taylor executed a deed in fee to Dechard on the date of said notes. At the same time Dechard executed to Taylor a mortgage upon the same land to secure the said balance of purchase money. In the mortgage Mrs. Harriet Dechard, wife of John T. Dechard, did not join. The land subsequently became the homestead of Dechard and wife.

Taylor and wife assigned the notes to R. M. Bonner and guarantied their payment.

John T. Dechard died June, 1866; James H. Cannon (appellant) became administrator, and October 6, 1866, allowed said notes; his action appears to have been approved by the probate court.

October 6, 1866, R. M. Bonner, for use of W. M. McDaniel and B. W. Jackson, brought suit on said notes and obtained judgment at the November Term of the District Court of Anderson county against Stuart & Lacy, the sureties of Dechard, and against Taylor and wife, endorsers of the said notes.

In March, 1868, R. M. Bonner, for use of McDaniel and

Jackson, brought this suit in the District Court of Anderson county against all the parties to said transaction of November 27, 1861, viz.: against Cannon, administrator of Dechard; Stuart & Lacy, sureties; and against Taylor and wife.

The petition gives a statement of the facts—the former suit—that the personal judgment is ineffectual; that the notes, deed and mortgage, executed at the same time, were parts of the same transaction; that at the institution of the former suit plaintiffs did not know of the existence of the mortgage; that plaintiffs, being holders of the notes, were entitled to all securities therefor, and asking decree subjecting the land to sale to satisfy the judgment so obtained upon the said notes.

The widow of John T. Dechard, Mrs. Harriet Dechard, intervened, claiming that the land had been set apart to her as a homestead; that the same had been the homestead of her husband and family at his death, and had not been abandoned.

The facts above appeared on the trial, but the court excluded a transcript of proceedings in the probate court, setting the land apart to the intervenor and her children as a homestead.

Judgment for plaintiffs for the amount due, and for sale of the land, from which Cannon, the administrator of Dechard, and Harriet Dechard, widow, appealed.

*T. G. Gammage*, attorney for appellant, cited Giddings v. Crosby, 24 Texas, 295; Paschal's Digest, Articles 1319, 3716; Robertson v. Paul, 16 Texas, 472; Buchanan v. Monroe, 22 Texas, 542; Cundiff v. Simpson, 32 Texas, 145; Butler v. Dunagan, 19 Texas, 556; Crayton v. Munger, 11 Texas, 234; Hooper v. Hall, 20 Texas, 159; Wright v. Donnell, 34 Texas, 291; Graham v. Vining, 1 Texas, 639; Danzey v. Sweeney, 7 Texas, 625; Crosby v.

McWillie, 11 Texas, 94; Wright v. Henderson, 12 Texas, 43; Parker County v. Sewell, 24 Texas, 239; Gillman v. Brown, 1 Mason, 212; Nairne v. Prouse, 6 Vesey, 752; 4 Kent, 171; Rogers v. Green, 35 Texas, 730.

*T. J. Word,* attorney for appellee, cited Howard v. Davis, 6 Texas, 174; Withers v. Patterson, 27 Texas, 491; 1 Story's Eq., §§ 567, 635, 638; 2 Story's Eq., § 1226; Sprigg v. Bank of Mt. Pleasant, 10 Peters, 265; Baker v. Clepper, 26 Texas, 629; Wallis v. Beauchamp, 15 Texas, 303; Hooper v. Brinson, 10 Texas, 296.

WALKER, J.—In 1861 John T. Dechard purchased a tract of land in Anderson county from I. S. Taylor, giving at the same time three promissory notes for $833.33 each, due in one, two and three years, with William Y. Lacy and John G. Stuart as securities. Taylor executed and delivered a deed to Dechard for the land, and at the same time Dechard executed a mortgage to secure the purchase money; his wife, Harriet, not joining in the mortgage. In 1862 Taylor assigned these notes to R. M. Bonner, and in October, 1864, Mrs. Taylor, acting for herself and her husband, he being absent in the Confederate army, signed both their names as guarantors of the notes to Bonner.

John T. Dechard died in 1866, and the appellant, James H. Cannon, administered on his estate. The notes were presented to the administrator, allowed, and the allowance approved by the probate court. In October, 1866, Bonner brought suit against the securities and guarantors upon the note. Judgment went against the defendants. On the second of March, 1868, Bonner, McDaniel and Jackson sued Cannon, the administrator of Dechard, Lacy, Stuart and the Taylors. Mrs. Harriet M. Dechard intervened and claimed her homestead rights.

The principle is familiar that where the vendor of land takes personal security from the vendee for the purchase money he is held to have abandoned his vendor's lien. This property was not then encumbered by the vendor's lien, and the mortgage to secure the purchase money, not being signed by Mrs. Dechard, stands upon no higher ground against her than a mortgage given to secure any other debt.

It is not necessary to discuss the errors assigned in their order.

The first error assigned is probably well taken; at the time this suit was brought the plaintiff should have gone into the probate court in order to enforce his lien. (Giddings v. Crosby, 24 Texas, 295.)

We pass over the second assignment of error.

As to the third, we think the exception comes too late. The presumptions are in favor of the action of the county court, and that that court had all the necessary proof before it of the genuineness and validity of the claim. We think the court erred in ruling out the records of the Probate Court of Anderson county, by the introduction of which it was sought to show that that court, having full jurisdiction to do so, had assigned to Mrs. Dechard a homestead of two hundred acres.

The probate court had jurisdiction of this matter, and in no way is it shown to us that it had transcended its jurisdiction. Its judgment was not appealed from; and where the jurisdiction is plain and no appeal is taken, the judgment is final, and cannot be collaterally impeached. It is scarcely necessary to refer to authorities in support of this opinion; but Graham v. Vining, 1 Texas, 639; Danzey v. Sweeney, 7 Texas, 625; Crosby v. McWillie et al., 11 Texas, 94; Wright v. Henderson, 12 Texas, 43; and Robertson v. Paul, 16 Texas, 475, are all cases bearing in its support.

We are of opinion the judgment of the District Court should be reversed and the cause remanded, to be proceeded in, in accordance with this opinion.

REVERSED AND REMANDED.