T. S. BUCHANAN, ADM'R, v. JAS. S. WAGNON.

(Case No. 1717.)

1. ESTATE OF DECEDENT — CLAIM.— Where a claim, evidenced by a note secured on real estate, is not presented to the administrator within a year after the issuance of letters of administration, it is not entitled to satisfaction out of the property incumbered or other property of the decedent until all claims properly presented within the year have been fully paid.

2. SAME — CASES CITED.— All claims, whether secured by lien or not, must be presented to the administrator within the prescribed time, or they will suffer the penalty of delay imposed by statute. Following Graham v. Vining, 1 Tex., 669; id., 2 Tex., 443; Danzey v. Swinney, 7 Tex., 625; Robertson v. Paul, 16 Tex., 472.

3. SAME — STATUTE CONSTRUED.— Under the law of 1840 (Hart. Dig., 1010), the claim, if not presented within the time, was wholly barred, and this court held that, if the claim was not presented within the prescribed time, its right to be satisfied out of the property it held by lien, or out of the general assets, was barred. Danzey v. Swinney, 7 Tex., 625.

4. SAME — PRESENT STATUTE CONSTRUED.— The present statute (R. S. art. 2047), as a statute of limitation, prescribes a less severe penalty for failure to present the claim, and, instead of barring it forever, permits it to come in for payment out of the general assets, after the other debts duly presented within the year have been fully paid.

5. SAME — PURPOSE OF THE LAW.— The main purpose of the law was to bring about an early settlement of the estates of deceased persons, and, with this end in view, the law offers inducements to persons presenting their claims within the year, and inflicts penalties upon those who fail to do so.

6. SAME.— The estate stands pledged to pay all claims entitled to payment, according to the exhibit to be filed within one month after the expiration of the year (R. S., art. 2043), and cannot be left open for an indefinite time to accommodate negligent creditors.

7. CLASSIFICATION OF CLAIMS — SECURED CLAIMS.— Only those claims are classified which have been established against the estate, and where secured claims are classified, the law only means those secured and duly presented within the prescribed time.

8. SAME — JUDGMENT.— A judgment rendered in a suit to establish a claim as a just debt does not affect the classification of the claim.

9. PRACTICE IN SUPREME COURT — ASSIGNMENT OF ERRORS.— A motion to strike out an assignment of errors, on the ground that it was not filed with the appeal bond, will be overruled if it had been filed as required by statute, before the appellant had taken out the transcript.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

On January 23, 1879, Wagnon and wife loaned W. W. Hall and John B. Hall $800, and took their promissory note for the same. At the same time, the Halls executed to Wagnon and wife a mortgage on land owned by them in severalty: W. W. Hall died in 1879, leaving a will appointing his wife, Elizabeth, sole executor, who qualified without bond, September 22, 1879. On application by the creditors for her to give bond, and she failing to do so, the county court of Harrison county removed her and appointed T. S. Buchanan, appellant, administrator *de bonis non*. He qualified November 22, 1880. Appellee's (Wagnon's) note being unpaid, on March 22, 1881, he presented the same for allowance to Buchanan, who allowed upon it $400, but postponed its payment until all claims allowed and approved within twelve months from the original grant of letters testamentary were first paid. Appellee being dissatisfied, instituted suit in district court on the note and foreclosure of the mortgage against the makers of the note. The court adjudged the amount due, established the lien as to the mortgaged lands of the estate of the deceased Hall, and certified its decree for enforcement as to the estate to the probate court.

The claim so adjudged was sought to be probated by Wagnon in the county court, and to be graded as a third-class claim; to this appellant Buchanan objected, for the reason that the note had not been presented within the twelve months from the original grant of letters testamentary, and he insisted that it should be graded as a claim of the fifth class. On trial, the county court classified the claim as third class, with a lien on the mortgaged lands of the deceased, so far as those lands would pay the same, and as a fifth-class claim to any balance remaining unpaid by the proceeds of sale of these lands. On appeal, the district court made the same order, from which order the administrator has appealed.

*M. R. Geer* and *John T. Pierce*, for appellant.

*James Turner* and *Alex. Pope*, for appellee.

WILLIE, CHIEF JUSTICE.— We are called upon in this case to determine as to what is the effect of a failure to present a secured claim to an administrator within one year after the grant of letters of administration.

The appellant contends that, if the claim is not presented till after the year has elapsed, it is not entitled to satisfaction out of the prop-

erty incumbered till all claims of every character presented within the year have been fully paid.

The appellee says that only that portion of the claim left unpaid, after the proceeds of the incumbered property have been exhausted, is postponed for the benefit of claims presented within the year.

Our Revised Statutes require that every claim for money not presented within twelve months after the grant of letters of administration shall be postponed until those presented within that time, and allowed and approved, shall have been first entirely paid. Art. 2015.

It is well settled by the decisions of this court that all claims, whether secured by liens or not, must be thus presented, or they will suffer the penalties prescribed by statute for a delay in making the presentation. Graham v. Vining, 1 Tex., 639, 639; S. C., 2 Tex., 433; Danzey v. Swinney, 7 Tex., 625; Robertson v. Paul, 16 Tex., 472.

By the law of 1840, the claim became wholly barred if not presented within the year. Hart. Dig., art. 1010.

Under that act this court held that a secured claim, if not thus presented, was barred, not only as to its right to be satisfied out of the estate generally, but as to its right of satisfaction out of the specific property upon which it held a lien. 1 Tex., 639, 669; 2 Tex., 433; 7 Tex., 625.

Our present statute makes no change in the description of claims which are to be presented to the administrator, but merely inflicts a different penalty for a failure to present within the prescribed time. It is, like the act of 1840, in the nature of a statute of limitations affecting the remedy, but prescribing a less severe penalty for a failure to take the proper steps within the prescribed time to enforce the claim. The law of 1840 barred the secured debt altogether, and did not admit of its payment out of either the incumbered property of the estate, or out of its general assets, although every unsecured debt might have been already satisfied; the present law does permit the claim, if presented after the lapse of a year, to come in for payment from the general assets, after all other debts, duly presented within the year and allowed and approved or established by suit, have been paid in full.

This is made distinctly to appear by the two thousand and forty-seventh article of the Revised Statutes, which allows the administrator to pay such a claim presented, only in case he has funds in his hands over and above what may be sufficient to pay all debts of every kind against the estate that were presented within the twelve months, etc.

One of the principal objects in requiring claims to be presented within a year was to bring about an early settlement of the estates of deceased persons; to have them closed as soon as possible after the lapse of one year from the time they were opened. In order to insure this, creditors are offered inducements to present their claims within the first year of the estate, and penalties are visited upon them if they fail to comply with the requirements of the law in this respect.

It would be idle to attempt to enforce diligence in the presentation of claims, if the creditor is to have the same privileges whether he be diligent and follow the requirements of the statute, or whether he be negligent, and hold back his claim from the knowledge of the administrator. And more especially if a secured creditor can come in after the estate has been prepared for final settlement and distribution by a sale of the incumbered property for the benefit of general creditors without knowledge of the creditor's lien upon it.

An exhibit showing the number, character and condition of the claims against the estate which have come to the knowledge of the administrator is required to be filed within one month after the expiration of the year. Art. 2043.

The theory of the law is that the estate stands pledged to pay first the claims entitled to payment, or likely to become so according to the exhibit, and they must of course be paid in full out of the assets, without reference to the possibility of other claims being presented in the future. Neither the administrator nor the court is expected to keep the estate open for an indefinite time, and withhold its assets and funds from diligent creditors for fear that some creditor may thereafter present a claim secured by lien upon some portion of the assets.

The court in classifying claims includes only such as have been established against the estate, for they alone can be paid. When secured claims are ordered to be placed in the third class, the law means secured claims duly presented and established by acceptance and approval, or by suit. It has expressly provided the fifth class for such as have been presented after the expiration of the year, without discriminating between secured and unsecured claims, and we are not authorized to make such distinction. We think, therefore, that the present claim was postponed even as to the property incumbered by it, until all debts presented and allowed and approved or established by suit were fully paid; and that it should have been placed in the fifth class, and that the court below erred in giving it any other classification.

We do not think that the judgment of the court upon the original appeal affects the question in the least. That judgment was rendered in a suit brought to establish the claim after its rejection by the administrator. The only effect of a recovery by the plaintiff was to place the debt upon the same footing as if it had been originally allowed by the administrator and approved by the county court. With its classification the district court had nothing to do upon that appeal, and the judge rightly refused to make any order in that regard. His finding was that it was a valid claim against the estate; that it was secured by a deed of trust, and he remitted it to the county court to be ranked as a secured claim presented after the expiration of one year from the grant of letters testamentary. The county judge was left to determine the class in which such a claim should be placed, and according to our construction of the law he should have placed it in the fifth class.

In ranking it as a third-class claim the county judge erred, and the district court having affirmed his action upon appeal, the judgment of that court must be reversed and the cause must be remanded to the court below with instructions to reverse the judgment of the county court, and direct that court to classify the claim in controversy as a claim of the fifth class against the estate of W. W. Hall, deceased.

As to the motion to strike out the assignment of errors submitted with the cause, this court has frequently held that it would not enforce so severe a penalty for a failure to file the assignment at the same time with the appeal bond, when it had been filed in accordance with the statute, before the appellant has taken the transcript from the clerk's office, and especially when no injury to the appellee has accrued from a failure to file the assignment within the time prescribed by the rules.

The motion must therefore be overruled.

REVERSED AND REMANDED.