## MO. PAC. R'Y CO. v. ALEX. J. RABB.

### (No. 2025.)

APPEAL from Rains County.    Opinion by WHITE, P. J.

WHITTAKER & BONNER, counsel for appellant.

TERHUNE & YOAKUM, counsel for appellee.

§ 37. *Assignment of errors; rules as to time of filing; case stated.* Appellee recovered judgment against appellant for $620.12½ damages for burning the grass and turf on his land, from which judgment this appeal is prosecuted. An assignment of errors was not filed in the court below at the time required by the rule, but was filed before the transcript was taken out of the clerk's office, and notice of such filing given to appellee in ample time to enable him to prepare his brief with reference thereto. *Held:* The time for filing an assignment of errors is prescribed by article 1037, Revised Statutes, which time is before the transcript is taken from the clerk's office. In Buchanan v. Wagnon, 62 Tex. 375, a motion to strike out the assignment of errors, on the ground that it was not filed with the appeal bond, was overruled, it appearing that the same had been filed, as required by the statute, before the transcript had been taken from the clerk's office.

§ 38. *Bill of exceptions must be filed before adjournment of term.* Appellant reserved several bills of excep-

tion which are incorporated in the record, but they were not filed in the court below until after the adjournment of the term, and are not entitled to be considered. To be made available on appeal a bill of exceptions must be prepared, signed by the judge, and filed with the clerk during the term. [R. S. arts. 1363, 1364.]

§ 39. *Charge of court need not be excepted to.* The charge of the court to the jury is regarded as excepted to, and is subject to revision for errors therein, without a bill of exceptions thereto. [R. S. art. 1361; 2 W. Con. Rep. §§ 135, 656.]

§ 40. *Measure of damage for destruction of grass and turf.* The court charged the jury as follows: " If the jury find from the evidence that defendant set fire to the grass growing upon the land of plaintiff, and that such fire was caused by the want of proper care on the part of defendant, or in its doing something it ought not to have done, or in not doing whatever it ought to have done, and that by such fire plaintiff was damaged, they should find in favor of plaintiff the actual value of the grass so burned, if any, and the actual value of the injury to the sod, if any, on the ground from which the grass was burned." It is insisted by appellant that this charge is erroneous, and that the correct measure of damage in this case is the difference between the value of the land before and after the fire,— the grass not having been severed from the soil, and being therefore a part of the realty. *Held:* In R. R. Co. v. Tippett, 2 W. Con. Rep. § 807, it is said: " Considering the purposes to which the owner had devoted the land, the difference in its value immediately preceding and immediately after the fire would be the correct rule for measuring the damages, and, if properly applied, would yield just and adequate compensation for the injury. Of course the application of this rule involves a consideration of the actual value of the grass before the fire, and also the amount of loss or injury resulting from the partial destruction of the sod or turf. . . . With respect to the injury re-

sulting from the partial destruction of the sod, consideration should be given to all the facts and circumstances in evidence tending to show any diminished capacity of the land to yield its usual and ordinary amount of grass from year to year until the sod would be fully restored." "The true rule of measuring the damages in this class of cases, considering the purposes to which the land had been devoted by the owner, is the difference in the value of the land immediately before and immediately after the fire." [2 W. Con. Rep. § 809; R'y Co. v. Joachimi, 58 Tex. 456.] The charge of the court did not submit the correct rule for estimating the damages in this case.

November 18, 1885.        Reversed and remanded.