'BURNETT & INGRAHAM, for use, *vs.* NEVES.

As it is within the discretion of the trial judge to grant a new trial on the ground of newly discovered evidence, and no point being made as to his power to grant it upon evidence which would not be admissible under the pleadings as they existed at the time of the trial, the judgment so granting it is affirmed. Has the judge that power? *Query.*

March 1, 1889.

New trial. Evidence. Before Judge JOHN T. CLARKE. Clay superior court. March term, 1888.

Reported in the decision.

Scott & Dillard, by brief, for plaintiffs.

J. D. Rambo, by Harrison & Peeples, for defendant.

Simmons, Justice.

Burnett & Ingraham, for the use of Travers & Co., sued J. C. Neves on a promissory note. The jury returned a verdict for the plaintiffs. The defendant moved for a new trial, upon the several grounds set out in the motion. Among the grounds was one upon the newly discovered evidence of one Brown. On this ground the court below granted a new trial, and the plaintiffs excepted and brought the case here for review.

The only pleas of the defendant in the court below were the general issue and failure of consideration. The newly discovered evidence of Brown is, that the guano was not branded and tagged as the law requires, and this evidence would not have been admissible under the pleas in the case. This point, however, was not made before us. As it is within the discretion of the trial judge to grant a new trial upon newly discovered evidence, and no point being made as to his power to grant it upon newly discovered evidence which would not have been admissible under the pleas as they stood at the time of the trial, we affirm the judgment in this case.

Query: Has the judge power to grant a new trial upon newly discovered evidence which would be inadmissible under the pleas pleaded at the time of the trial? See Landry vs. Bognan, 36 Amer. Decis. 606; Cox vs. Bethany, 5 La. 471.

Judgment affirmed.