### 6924. CALHOUN v. THE STATE.

RUSSELL, C. J. 1. The rule under which, if a witness swears willingly and knowingly falsely in a material matter, his testimony ought to be rejected entirely unless corroborated by the facts and circumstances of the case, is addressed to the mind and conscience of the jury, who are at last the final judges of the credibility of each and every witness.

2. The evidence introduced on the trial was sufficient to authorize the conviction of the accused of the offense of unlawfully selling intoxicating liquors, and the jury were warranted in finding that the attempted impeachment was unsuccessful, although there was plain proof of previous contradictory statements on the part of the prosecuting witness, and even though he was not corroborated. *Taylor* v. *State*, 5 *Ga. App.* 237 (4), 240 (62 S. E. 1048); *Jolly* v. *State*, 5 *Ga. App.* 454 (63 S. E. 520); *Chatman* v. *State*, 8 *Ga. App.* 842 (70 S. E. 188).

3. The court did not err in overruling the grounds of the motion for a new

trial based upon alleged newly discovered evidence, because the character of the affiants relied upon to give the newly discovered testimony was not accredited as required by law (*Williams* v. *State*, 9 *Ga. App.* 818 (2), 72 S. E. 301); and even if these witnesses had been properly vouched for, it is not made to appear that the trial judge abused his discretion in holding that the plaintiff in error, in not sooner procuring the testimony, failed to exercise due diligence; since one of the witnesses whose testimony was discovered after the trial was present at the trial, and the other was actually sworn as a witness for the defendant.                           *Judgment affirmed.*

DECIDED JANUARY 20, 1916.

Accusation of sale of liquor; from city court of Newnan—Judge Post.    August 27, 1915.

*J. C. Newman,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.