*L. E. Heath, Max Isaac,* contra.

---

### 7847.   GRIFFIN *v.* BRAND, judge.

BROYLES, J.   1.   Where a writ of error to review a final judgment in a case, civil or criminal, has been granted, and a second bill of exceptions is tendered for the purpose of reviewing a judgment of the trial court upon an extraordinary motion for a new trial, and the judge refuses to sign it, this court will not grant a mandamus nisi, if it appears, from an inspection of the petition for mandamus, and the exhibits attached thereto, that the motion is without merit. This is true whether the judgment complained of was the refusal of the judge to entertain the motion, or the overruling of the motion after being entertained. *Malone* v. *Hopkins,* 49 *Ga.* 221; *Seaboard Air-Line Railway* v. *Reid,* 6 *Ga. App.* 18 (63 S. E. 1130); *Harris* v. *Roan,* 119 *Ga.* 379 (46 S. E. 433); *Cox* v. *Hillyer,* 65 *Ga.* 57; *Kelly* v. *Hall,* 50 *Ga.* 636.

2. An extraordinary motion for a new trial based solely upon the ground of newly discovered evidence is without merit when it does not appear probable that such evidence would produce a different verdict upon another trial. *Malone* v. *Hopkins,* supra; *Hanye* v. *Candler,* 99 *Ga.* 214 (25 S. E. 606); *White* v. *Butt,* 102 *Ga.* 522 (27 S. E. 680); *Perry* v. *State,* 102 *Ga.* 368 (30 S. E. 903); *Cox* v. *Hillyer,* supra. The above ruling, however, applies to cases where the alleged newly discovered evidence bears upon the merits of the case. It is not strictly applicable to this case, for the reason that the newly discovered evidence here relates solely to the question of the alleged disqualification of some of the jurors who rendered the verdict against the defendant in the lower court, and does not touch the question of his guilt or innocence of the offense of which he was convicted. However, this newly discovered evidence (in the form of affidavits from various persons, submitted by the appellant), when viewed in the light of the counter-showing made by the State (also in the shape of affidavits from the same persons who made the affidavits submitted by the appellant), did not, in our opinion, show that the defendant did not have a fair or legal trial, and, consequently, did not require the grant of a new trial.

41

3. The judge who passed upon the extraordinary motion for a new trial (and who, by the way, was not the judge before whom the defendant was convicted) did not err in refusing to give the defendant further time, at the hearing of the motion, to produce and examine in person the newly discovered witnesses whose affidavits had been used by both the defendant and the State on the hearing of the motion.

4. After a person accused of crime has been convicted and a new trial has been denied him, and the judgment has been affirmed by this court, an extraordinary motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge; and his judgment in passing upon the motion will not be disturbed, unless it appears that his discretion is abused. *Frank* v. *State*, 142 *Ga.* 617 (83 S. E. 233) ; *Brown* v. *State*, 141 *Ga.* 783 (82 S. E. 238).

5. In this case the petitioner has been granted one writ of error from the final judgment against him in the lower court; and his extraordinary motion for a new trial is based solely upon the ground of newly discovered evidence, the evidence being that certain jurors in the case had, before the trial, expressed opinions which showed that they were biased against the defendant, and that certain other jurors were related within the prohibited degree to stockholders of the bank (the "wrecking" of which constituted the crime for which the defendant was convicted), and were thereby rendered incompetent to serve as jurors in the case. In regard to both of these grounds of newly discovered evidence, the State made a strong counter-showing; and since the trial judge is the trior of such questions, and his judgment thereon is final and conclusive, if supported by some evidence, no abuse of his discretion appears in the overruling of the extraordinary motion for a new trial.

*Mandamus nisi denied.*

DECIDED SEPTEMBER 30, 1916.

Application for mandamus.

*W. W. Armistead, Hamilton McWhorter Jr., Horace M. Holden, Thomas J. Shackelford, Thomas & Thomas, Shackelford & Meadow,* for petitioner.

WADE, C. J., concurring specially. In my opinion, the general scheme of our law contemplates that the review of *all* final judgments rendered by a judge of the superior court shall be by bill of exceptions; and I therefore question the soundness of the rulings which permit such a judgment to be reviewed otherwise—as would result where an extraordinary motion for a new trial has been entertained and overruled by a judge who thereafter declines to certify to a bill of exceptions complaining of his ruling in refusing the motion, where upon application for mandamus to compel the certification of the bill of exceptions the reviewing court examines into the *merits* of the case as presented in the petition and determines the propriety of such refusal by passing upon the motion

itself and the legal correctness of the final judgment denying the same. Of course, where the judge declines to entertain an extraordinary motion for a new trial which is entirely without merit, the Supreme Court or this court will not by mandamus compel him to certify a bill of exceptions assigning error upon such refusal (*Harris* v. *Roan,* 119 *Ga.* 379; *White* v. *Butt,* 102 *Ga.* 552; *Seaboard Air-Line Ry.* v. *Reid,* 6 *Ga. App.* 18); but where he does in fact entertain the motion and hears and determines the same and renders final judgment against the movant, in my opinion a mandamus nisi should be granted by the reviewing court to compel the judge to certify a bill of exceptions (notwithstanding it may be a second bill of exceptions), without any investigation by the reviewing court as to the errors assigned, unless it appears beyond question that the bill of exceptions, if signed, would be a mere nullity, or would be so defective as to necessitate a dismissal of the writ of error in case it should be certified. *Sistrunk* v. *Pendleton,* 129 *Ga.* 255 (1).

Apparently, however, the right of the reviewing court to inquire into the merits of an extraordinary motion for a new trial, where such a motion has been entertained by the trial judge and over-ruled, and application is made for a mandamus to compel such judge to certify a bill of exceptions complaining of his final judgment on the motion for a new trial, was clearly recognized in the cases of *Malone* v. *Hopkins,* 49 *Ga.* 221, and *Kelley* v. *Hall,* 50 *Ga.* 636; and since this court is bound by the decisions of the Supreme Court as precedents, and there is no direct ruling to the contrary, I am constrained to concur in the judgment refusing a mandamus, as I agree with the majority of the court that the motion for a new trial is without merit.