### 13309. EVANS *v.* GRIER.

STEPHENS, J. 1. Any act of dominion by a bailee over the property bailed, not in pursuance of the contract of bailment, but adverse to the title of the bailor, amounts to a conversion by the bailee (*Lucas* v. *Durrence*, 25 *Ga. App.* 264, 103 S. E. 36), and no demand on the bailee to redeliver to the bailor is necessary. *Merchants & Miners Transportation Co.* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802); *Rushin* v. *Tharpe*, 88 *Ga.* 779 (15 S. E. 830); *Loveless* v. *Fowler*, 79 *Ga.* 134 (4 S. E. 103, 11 Am. St. R. 407); *Liptrot* v. *Holmes*, 1 *Ga.* 381.

2. Where, in a suit in trover, there was evidence to the effect that the property sought to be recovered,— to wit, an automobile,— belonged to the plaintiff and had been left by him with the defendant for the purpose of being repaired, and that the defendant, who denied receiving the property from the plaintiff, but who claimed title to the property from a third person, had sold the property before suit was brought, even though the plaintiff had made no demand on the defendant for a return of the property, a verdict for the plaintiff was authorized.

3. Before the trial judge is authorized to grant a new trial on newly discovered evidence, it must appear that the movant or his counsel could not, by ordinary diligence before the trial, have discovered such evidence offered as newly discovered. Since a motion for a new trial upon the ground of newly discovered evidence, and the showing made in support of such motion, are addressed to the sound discretion of the trial judge (*Burnett* v. *Neves*, 82 *Ga.* 241 (9 S. E. 128); *Featherston* v. *Rounsaville*, 73 *Ga.* 617; *Exchange Bank* v. *Cone*, 18 *Ga. App.* 432 (89 S. E. 489); Civil Code (1910), §§ 6085, 6086 ), a bare recital in the affidavit of the movant or his counsel that the newly discovered evidence offered " could not have been discovered by the exercise of ordinary care " is but a mere conclusion, without a disclosure of the facts upon which such conclusion is based, and the trial judge is not bound to conclude that the affiant had exercised the required diligence. *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116); *Patterson* v. *Collier*, 77 *Ga.* 292 (3 S. E. 119).

4. Where a witness testified on the trial that the plaintiff had stated to him that he (the plaintiff) owned the property in question, and in the motion for a new trial it was alleged that new evidence had been discovered, consisting of testimony of this witness, to the effect that the plaintiff had admitted to him that the property was not the property of the plaintiff, the judge below was authorized to conclude that the evidence offered could have been discovered by ordinary diligence on the

part of the movant or his counsel. *McNair* v. *Newsome*, 16 *Ga. App.* 392 (85 S. E. 616); *Calhoun* v. *State*, 17 *Ga. App.* 515 (87 S. E. 762).

5. Where newly discovered evidence to the same effect as that indicated in the next preceding paragraph of the syllabus was offered from another witness, who had not testified at the trial, but who had assisted the movant in hauling the automobile in question into the movant' garage, and therefore was connected with the transaction out of which the cause originated, the judge below was authorized to conclude that the evidence of this witness could have been discovered by ordinary diligence on the part of movant or his counsel.

6. Newly discovered evidence of the character indicated, not being favored as a ground for a new trial (*Erskine* v. *Duffy*, 76 *Ga.* 602), and it not appearing that the trial judge abused his discretion in overruling the motion on such grounds, and the evidence being sufficient to support the verdict rendered for the plaintiff, there was no error in overruling the defendant's motion for a new trial.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED FEBRUARY 8, 1923.

Trover; from city court of Hall county — Judge Sloan. January 7, 1922.

*Oscar Brown, Boyd Sloan,* for plaintiff in error.

*W. N. Oliver,* contra.