*M. H. Boyer; solicitor-general,* contra.

---

15129.   BOATRIGHT *v.* SPEER, judge.

Mandamus to require the trial judge to certify a bill of exceptions to his refusal to entertain an extraordinary motion for a new trial will not be granted, under the allegations of the petition in this case.

DECIDED NOVEMBER 15, 1923.

Application for mandamus.

*H. L. Williams,* for the applicant.

BROYLES, C. J.   1.   Extraordinary motions for new trials, based solely upon the ground of newly discovered evidence, are viewed by the courts with even less favor than original motions based on such a ground, a stricter rule being applied to the former (*Norman v. Goode,* 121 *Ga.* 449, 455, 49 S. E. 268), and such a motion is without merit when the alleged newly discovered evidence, although disclosing some facts not in evidence upon the original trial, is in its general character and bearing merely cumulative to that previously presented, and would scarcely have produced a different result on the ordinary motion for a new trial. "Much less can it give to this proceeding the peculiar characteristic of being 'an extraordinary motion.'" *Cox* v. *Hillyer,* 65 *Ga.* 57; *Griffin* v. *Brand,* 18 *Ga. App.* 641 (90 S. E. 90).

2.   "After a person accused of crime has been convicted and a new trial has been denied him, and the judgment has been affirmed by this court, an extraordinary motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge; and his judgment in passing upon the motion will not be disturbed, unless it appears that his discretion is abused." *Griffin* v. *Brand,* supra.

3. . It is well settled that the trial court is authorized to over-

rule a motion for a new trial based upon alleged newly discovered evidence, where it is not shown that the movant and his counsel, by the exercise of ordinary diligence, could not have discovered such evidence before the trial; and a bare recital in the affidavit of the movant and his counsel that they could not have discovered it by the exercise of ordinary diligence is but a mere conclusion, without a disclosure of the facts upon which the conclusion is based, and the trial judge is not bound to conclude that the movant and his counsel have exercised the required diligence. *Patterson* v. *Collier,* 77 *Ga.* 292 (3); *Taylor* v. *State,* 132 *Ga.* 235 (3), 237 (3) (63 S. E. 1116); *Evans* v. *Grier,* 29 *Ga. App.* 426 (3) (115 S. E. 921).

4. In the instant case the petitioner has been granted one writ of error from the final judgment against him in the lower court, and since his present extraordinary motion for a new trial is based solely upon alleged newly discovered evidence which, while disclosing some facts not in evidence upon the trial, is in its general character and bearing merely cumulative to the case heretofore presented, and would not probably have produced a different result on the ordinary motion for a new trial, and since the affidavit of the movant and his counsel recites merely that they did not know of the alleged newly discovered evidence until after the trial of the case, and "that the same could not have been discovered by the exercise of ordinary diligence," without stating the facts upon which such a conclusion is based, this court cannot say that the trial judge abused his broad discretion in refusing to entertain the extraordinary motion for a new trial, or in refusing to sign and certify a bill of exceptions complaining of such refusal.

*Mandamus nisi denied. Luke and Bloodworth, JJ., concur.*